# Singo, *et al. v.* Brainard.

*Bill to Set Aside a Sale and Declare a Trust.*

(Decided May 17, 1911.  Re-hearing denied June 8, 1911.
55 South. 603.)

1. *Attorney and Client; Duties and Liabilities to Client.*—So long as the relation of attorney and client exists, the attorney is a trustee for his client in and about the cause or the subject thereof, and any trade that he makes or benefit that he may derive resulting from the litigation, or a sale of the subject thereof, will inure to the benefit of the client.

2. *Appeal and Error; Objections Below; Parties.*—If not taken advantage of by plea, demurrer or answer, an objection that a bill is defective because of want of proper parties, is waived, but if the cause cannot be properly disposed of on its merits, without the presence of the absent parties, the objection may be made at the hearing, or on error, or may be taken by the court ex mero motu. However, the question of a person, not made a party, being a necessary party cannot be considered on appeal from a decree sustaining demurrers to the bill, where want of proper parties is not one of the grounds of demurrer.

3. *Equity; Bill; Amendment.*—Under section 2837 Code 1907, a decree sustaining or overruling a demurrer to a bill for want of equity is an interlocutory decree, and where the supreme court renders a decree reversing a decree overruling such a demurrer, and remanding the cause, this was an interlocutory decree, and could not become final until the bill was formally dismissed by the trial court, and hence the provisions of section 3126 Code 1907, are applicable. The rule that in passing on a general demurrer to a bill amendable defects should be considered as made relates only to facts set out defectively, and not to facts not set out in the bill.

APPEAL from Montgomery City Court.

Heard before Hon. WM. H. THOMAS.

Bill by Will Singo and others against Mark D. Brainard to set aside a sale and declare a trust.  From a decree sustaining demurrer to the amended bill, complainants appeal.  Reversed, rendered and remanded.

WARREN S. REESE, for appellant.  A general demurrer should never be sustained unless complainant is without right to equitable relief.—*Seals v. Robinson,*

75 Ala. 363. Under the facts stated in the bill the relation is properly set out, the undue influence fully alleged and a proper case made for relief by the client against the acts of the attorney.—*Johnson v. Johnson,* 5 Ala. 90; *Noble v. Moses,* 81 Ala. 530, and cases therein cited. Jury Fritz is not a necessary party, as they were all tenants in common and one might file a bill for all.—*Le Croix v. Malone,* 47 South. 2027; *Dorlan v. Westovitch,* 140 Ala. 294; *Harden v. Collins,* 138 Ala. 400; *Hinds v. Trentham,* 27 Ala. 359.

GOODWYN & MCINTYRE, J. WINTER THORINGTON, and A. A. EVANS, for appellee. On all the issues involved in this case the court has decided adversely to the complainants.—*Singo v. Fritz,* 51 South. 867; *Singo v. McGhee,* 49 South. 290; *Brainard v. Singo,* 51 South. 522. The bill shows on its face that Jury Fritz should have been made a party complainant.—*Perkins v. Brierfield I. & C. Co.,* 77 Ala. 403; *Mobile L. I. Co. v. Goss,* 129 Ala. 214. Where there is a general decree sustaining demurrers it will be referred to the causes which will support the decree, and not to others which will render it erroneous.—*Kenny v. Reeves,* 139 Ala. 386; *McDonald v. Pearson,* 114 Ala. 630. The supreme court rendered a decree sustaining the general demurrer to the bill for want of equity. —51 South. 522. This had the effect of a final decree dismissing the bill.—*Seals v. Robinson,* 75 Ala. 363; *Pate v. Hinson,* 104 Ala. 599; *Turner v. City of Mobile,* 135 Ala. 73; *Eddins v. Murphy,* 142 Ala. 617; *Brown v. Mie,* 119 Ala. 10. It therefore follows that if the court was in error in its ruling on the demurrers it was error without injury as the bill stood as if formally dismissed.

[Singo, et al. v. Brainard.]

ANDERSON, J.—This case on former appeal is reported in 164 Ala. 353, 51 South. 522. It was there held that the bill was without equity, and the demurrer for want of equity was sustained, but there was no formal decree of this court dismissing the bill; the cause being remanded to the lower court.

As we understand the amendment to the bill, it does not attack the decree of the probate court for fraud; for, while it sets up fraudulent acts and omissions on the part of respondent, Brainard, in and about the defense and prosecution of the probate proceeding, it does not charge the beneficiaries, under said decree, or the parties to the cause, with such conduct as would vacate the decree for fraud. It does aver, however, that the respondent Brainard, while still the attorney and trustee for the complainants, purchased the subject of the litigation (the land) for a sum greatly less than its value, and that said purchase should inure to the benefit of his clients, these complainants.

It can be safely stated as a sound and salutary legal principle that, so long as the relationship of client and attorney exists, the attorney is a trustee for his client in and about the cause or the subject thereof, and any trade that he makes or benefits he may derive, resulting from the litigation or a sale of the subject of the litigation, will inure to the benefit of the client, the cestui que trust. This is a rule so wholesome and just that citation of authority is needless, and it would be difficult to find an authority holding to the contrary. The amended bill avers that Brainard was the attorney of the complainants up to and at the time of the purchase of the land by Parker, and that Parker was in fact acting for and in behalf of Brainard.

It has been suggested in brief of counsel that Jury Fritz, who was interested in the estate of Singo, but

who did not employ Brainard, should have been made a party to this cause. Whether she is or is not a necessary party, either as complainant or respondent, we need not determine, as this question is not properly presented for our consideration. "The general rule is that, if a bill is defective for the want of proper parties, advantage should be taken of the defect, by plea, demurrer, or answer, and, if not taken the objection is waived. The rule is subject to the exception that if the cause cannot be properly disposed of, on the merits, without the presence of the absent parties, the objection may be made at the hearing, or on error, or it may be taken by the court ex mero motu."—*Prout v. Hoge,* 57 Ala. 28; 3 Mayfield's Digest, p. 258, §§ 1503, 1504. We are not considering this case upon the merits, but upon an appeal from an interlocutory decree, rendered on May 21st, sustaining the respondent's demurrers, of date May 20, 1910, to the amended bill. The demurrers so considered and sustained contain no ground for want of proper parties.          .          .

It is next insisted that the error of the city court in sustaining the demurrer to the amended bill can be tolled upon the theory that the amendment was not properly allowed, that the previous decree of this court in sustaining the demurrer for want of equity operated ipso facto as a dismissal of the bill, and that it could not be amended after remandment. It is needless for us to enter into the discussion of a distinction between a motion to dismiss for the want of equity and a general demurrer for want of equity, or to imagine all that was in the legislative mind when making the change in the statute as it appears—section 3121 of the Code of 1907. For a discussion of this subject, we refer to chapter 15, Sims' Chancery Practice, which is not only interesting and instructive, but can be read with profit by the          .

bench and bar. It is sufficient to say that, whether they are or are not similar methods of testing the equity of the bill, the sustaining of the demurrer without more does not operate as a final decree dismissing the bill.—*Rose v. Gibson,* 71 Ala. 35; *Lide v. Park,* 132 Ala. 222, 31 South. 360; *McCrory v. Guyton,* 154 Ala. 355, 45 South. 658. A decree sustaining a demurrer, but not dismissing the bill, is but an interlocutory decree covered by section 2838 of the Code of 1907, and is not a final decree, as is contemplated by section 2837. Whether or not the mere sustaining of a motion to dismiss for want of equity without a further order or decree dismissing the bill would be a final decree we need not determine, as there could be drawn a very decided distinction between a decree sustaining a motion to dismiss a bill and one sustaining a demurrer. The former seeks affirmatively to strike or get rid of the bill; while the latter merely questions the sufficiency of same, leaving it for the court to determine whether or not the decree sustaining same should be followed up with an order of dismissal. It is questionable, however, whether or not the mere sustaining of a motion to dismiss a bill for want of equity, not followed up with a decree actually dismissing the bill, would be a final decree, as section 2838 of the Code of 1907 (section 427 of the Code of 1896) makes such a decree an interlocutory one, and not a final decree, as mentioned in the preceding section. If, therefore, the lawmakers considered it a final decree, it would have been covered by section 426, and there was no need to put it in section 427, Code of 1896. True, if the decree went beyond merely sustaining the motion and dismissed the bill, it would become a final decree and governed by section 426 of the Code of 1896, but if the motion was merely sustained, and not followed up with an order of dismissal, it would doubt-

less be an interlocutory decree, as mentioned in section 427. At any rate, the decree of this court sustaining the demurrer was merely interlocutory, and could not become a final decree until the bill was formally dismissed by the city court. Section 3126 of the Code of 1907 provides that: "Amendments to bills *must* be allowed at any time before final decree, by striking out or adding new parties, or to meet any state of evidence which will authorize relief," etc. The decree in this case not being final, the amendment to the bill was properly allowed.

It has been suggested that to permit amendments, after sustaining a demurrer settling the equities of a bill, will tend to prolong and protract litigation. As to this apprehension, we are not concerned, as it is our duty to construe and not legislate. Moreover, the courts will no doubt wisely guard against abuses of the statute of amendments, and the case will no doubt be rare when a complainant will inject into the original bill new facts, by way of amendment, which do not exist and which cannot be proven, simply to give his bill equity, and occasional delays are far preferable to a denial of equity and justice.

The more recent decisions of our court (*Turner v. City of Mobile,* 135 Ala. 73, 33 South. 132, and many others) invoked the rule of always dismissing the bill after sustaining a motion to dismiss for want of equity, thus cutting off all opportunity for the operation of section 3126, as to the amendment of said bill, and it is evident that the Code committee, with this line of decisions in mind, desired to relax to some extent this rigorous method, by substituting a general demurrer and giving the courts some latitude to permit the operation of section 3126, even in cases where the general demurrer had been sustained for want of equity, and espe-

cially is this true in view of the fact that the same Code (section 3095) made a very sweeping change as to the rule against multifariousness. In time past, however, upon sustaining of a general demurrer to the whole bill, the case was out of court, and ;no subsequent proceedings could be taken thereon. The rigor of this rule has been relaxed in many jurisdictions by liberal statutory provisions relative to amendments.—Fletchers Equity Pl. & Pr. § 229, and cases cited in note 149; Beachs Modern Equity Pr. § 279, and note 4. Our statute (section 3126) gives the right to amend any time before final decree, and it is evident, as above noted, that the Code committee had some object in view in substituting the general demurrer for the motion to dismiss, and that they intended to give the courts some latitude to retain the bill, even after sustaining the general demurrer, in order to give the statute as to amendments some field for operation in such cases, and which it could not have after a motion to dismiss was sustained, under that line of decisions holding that the proper practice was to dismiss the bill upon sustaining said motion.

As to when the sustaining of a general demurrer for want of equity should or should not be followed up with a final decree dismissing the bill of complaint, we need not decide until the exact question is presented; but it is safe to say that, in view of the change made in the statute, from a motion to dismiss to a demurrer for want of equity, and the further fact that section 3126 and chancery rules 41 and 42 (32 South. iv) contemplate a liberal policy as to the amendment of bills, the complainant should be given an opportunity to amend his bill before dismissing same. It is true that in passing upon the general demurrer, as formerly upon a motion to dismiss for want of equity, amendable defects should be considered as made, but this presump-

[Singo, et al. v. Brainard.]

tion does not relate to facts not set out in the bill, and merely means that, upon the facts set out, there is or is not equity in the bill, whether well or improperly pleaded; and if the facts establish a case for equitable relief, though not properly pleaded, the general demurrer will be overruled upon the presumption that all defects as to form of pleading are amended. On the other hand, if the complainant omits material facts from his bill, he should be permitted to add them by way of amendment, if they will inject equity into his said bill. It stands to reason, that a complainant will put his best foot forward and will set out all of his material averments in his original bill, whether properly pleaded or not, and, if they make out a case for equitable relief, a demurrer for want of equity should not be sustained and the authorization of amendments for the addition of new facts, after the equity of the bill has been tested, so as to give it equity, will no doubt tend to encourage perjury and the manufacture of essential facts in some instances, as well as protract the controversy; but, be this as it may, it was the legislative intention to give the statute and rules authorizing amendments some field of operation, even in cases where a demurrer for want of equity is sustained, by giving a complainant an opportunity to give his bill equity by way of amendment, before the same is finally dismissed.

The city court erred in sustaining the demurrers to the amended bill, and the decree must be reversed, and one is here rendered overruling same, and the cause is remanded.

Reversed, rendered, and remanded.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.