(89 South. 659)

**BROWN et al. v. BELL.  (6 Div. 453.)**

(Supreme Court of Alabama.  June 9, 1921.)

1. Mortgages ⬅➡338—Bill to redeem and to enjoin foreclosure held to state cause of action in equity.

A bill to redeem from a mortgage covering land and chattels, alleging that the mortgage was executed to respondent K., who had transferred it to respondent B., who had knowledge of the transaction and was not an innocent purchaser and that mortgagee demanded usury and was advertising the property for sale under the terms of the mortgage, and praying for an injunction, stated a cause of action in equity.

2. Injunction ⬅➡161—Dissolving temporary injunction on answer held discretionary.

Under Codes 1907, § 4535, the trial court exercises a large discretion as to the dissolution of injunction on respondent's answer and affidavits, and may retain the injunction until the final hearing.

3. Injunction ⬅➡163(3)—Effect on respective rights considered on motion to dissolve temporary injunction.

On motion to dissolve temporary injunction, consideration should be given the effect upon the respective parties of a continuance or dissolution thereon.

4. Mortgages ⬅➡338—Retaining temporary injunction against sale held proper.

Where a bill to redeem and to restrain sale under mortgage showed that certain contract rights referred to as personalty were included in the mortgage, it is not error to refuse to dissolve temporary injunction; such property not being subject after foreclosure to redemption.

5. Mortgages ⬅➡338—On bill to redeem and enjoin foreclosure, equity's jurisdiction not ousted by sale.

On a bill to redeem and to enjoin foreclosure of a mortgage covering land and chattels, court having acquired jurisdiction of the subject-matter for the exercise of the equity of redemption, respondents could not oust this jurisdiction by foreclosure.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Stephen Bell against R. H. Brown and S. B. King, to enjoin the foreclosure of a mortgage and to redeem. From a decree overruling demurrers to the bill, and declining to dissolve the injunction, respondents appeal. Affirmed.

W. T. Edwards and L. C. Albright, both of Birmingham, for appellants.

There was no equity in the bill, and the injunction should have been dissolved. 77 Ala. 371. The court erred in retaining the injunction after the coming in of the answer and the affidavit. 134 Ala. 288, 32 South. 301; 140 Ala. 527, 37 South. 345; 194 Ala.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

491, 69 South. 897; 193 Ala. 176, 68 South. 984; 189 Ala. 181, 66 South. 50.

W. C. Hayden and C. B. Powell, both of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

GARDNER, J. This bill was filed by appellee for the primary purpose of exercising the equity of redemption as to a certain mortgage executed July 14, 1920, and payable January 14, 1921. It is averred that the mortgage was given to secure a loan of $400, and that for the use of said sum complainant Bell agreed to pay $150 and $48. The mortgage is made an exhibit to the bill, and discloses that it embraces real estate and certain rights, contracts, and equities referred to as personalty. The bill further alleges that while the mortgage was executed to respondent King, yet it had been transferred by King to respondent Brown, who was a mere "dummy," and who had notice or knowledge of the transaction, and who was not an innocent purchaser. Complainant had offered to pay said Brown the $400, with legal interest, which was refused, and complainant "now offers, is willing and able to pay same," but said Brown refuses to accept; that he has advertised the property for sale under the terms of the mortgage and an injunction is prayed against a foreclosure pending the suit.

[1] As to this aspect of the bill, setting up usury and seeking redemption, there can be no question as to its equity. Counsel for appellant cite the case of Knight v. Drane, 77 Ala. 371, to the effect the bill is without equity. There was no demurrer to the bill, and this authority only has relevancy as to another aspect of the bill set up in a distinct paragraph to the effect that King was the real owner of the mortgage, and that the indebtedness evidenced thereby was only a part of an account long existing between the parties, which was complicated, and upon an accounting nothing would be due. As to whether the averments of the bill in this aspect meet the requirements or come within the rule recognized in the case of Knight v. Drane, supra, we need not inquire. Suffice it to say the bill clearly had equity as to the aspect thereof first discussed.

Temporary injunction was issued, and motion to dissolve was overruled. It is from this ruling on the motion, the appeal is prosecuted. It follows from what we have stated that the motion could not be rested upon a want of equity in the bill.

[2] The respondents filed answers, denying all material averments, and Brown insisted he was a bona fide purchaser for value. Affidavits were offered, and it is insisted upon a consideration of the answer and affidavits (section 4535, Code 1907) the injunction should have been dissolved.

Upon questions of this character, the trial court exercises "a large discretion, and, notwithstanding the denial of the answer, may retain the injunction, until the final hearing of the cause." Mobile & West. Ry. Co. v. Lumber Co., 152 Ala. 320, 44 South. 471. See, also, Profile Cotton Mills Co. v. Calhoun Water Co., 189 Ala. 181, 66 South. 50.

[3, 4] Consideration should be given the effect upon the respective parties of a continuance or dissolution of the injunction. Franklin v. Long, 191 Ala. 310, 68 South. 149. It is evident that dissolution could result in far greater injury to complainant than could possibly result to the respondents from continuance thereof until final determination of the cause. The bill shows that certain contract rights, referred to as personalty, were included in the mortgage, and as pointed out in Consumers' Coal Co. v. Yarbrough, 194 Ala. 482, 69 South. 897, personal property being conveyed by the mortgage, and not subject after foreclosure to redemption, will be lost, and therefore the foreclosure should be temporarily enjoined to preserve the status quo until the coming in of full proof, that equity may be done between the parties.

[5] Under the decisions of this court, the bill being filed for the exercise of the equity of redemption and the court having acquired jurisdiction of the entire subject-matter for this purpose, the respondents could not oust this jurisdiction by a foreclosure of the mortgage thereafter. While a foreclosure thus had is not absolutely suspended by the mere filing of the bill, yet its exercise is subject to the equity of the bill, and may be set aside by the court if complainant is awarded relief. Fair v. Cummings, 197 Ala. 131, 72 South. 389.

The case here in question presents one calling for full proof and we are of the opinion that the court properly exercised the discretion in retaining the injunction, and the decree overruling the motion to dissolve the same will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.