(103 So. 654)

**SLOSS–SHEFFIELD STEEL & IRON CO. v. JOHNSON.** (6 Div. 373.)

(Supreme Court of Alabama. April 9, 1925.)

Courts ☞190(½)—Amendment of complaint in circuit court, on appeal from municipal court, to claim larger sum as wages for more extended period of time, held permissible.

In suit for wages due for a certain period brought in municipal court, plaintiff on appeal to circuit court could amend complaint, in view of Code 1923, § 9513, to claim a larger sum for a more extended period of time; trial in circuit court being de novo in view of section 8784.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action for work and labor done by A. C. Johnson against the Sloss-Sheffield Steel & Iron Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 7326, Code of 1923. Affirmed.

Tillman, Bradley & Baldwin and Bradley, Baldwin, All & White, all of Birmingham, for appellant.

The amended complaint may not depart from the original cause. Herman on Estoppel, p. 250; 1 R. C. L. 353; Liddell v. Chidester, 84 Ala. 508, 4 So. 426, 5 Am. St. Rep. 387; 24 Cyc. 737; 16 R. C. L. 406; Semple v. Glenn, 91 Ala. 245, 6 So. 46, 9 So. 265, 24 Am. St. Rep. 929; Smith v. E. T., V. & G., 98 Ala. 154, 13 So. 784; Swanson v. Brown, 160 Ala. 432, 49 So. 675; Vinyard v. Republic, 205 Ala. 269, 87 So. 552; 27 Cyc. 737.

Gibson & Davis, of Birmingham, for appellee.

The amendment was permissible. Rudolph v. Holmes, 201 Ala. 461, 78 So. 839; Crawford v. Mills, 202 Ala. 62, 79 So. 456; N. C. & St. L. v. Abrahamson Co., 199 Ala. 271, 74 So. 352; Wilson v. Weaver, 16 Ala. App. 249, 77 So. 238; Gaines v. B. R., L. & P. Co., 164 Ala. 6, 51 So. 238.

GARDNER, J. Appellee sued appellant in the municipal court of Birmingham to recover the sum of $84 for work and labor done "at request of defendant from, to wit, the 15th day of February to the 15th day of March." Plaintiff recovered a judgment in the sum of $20, and prosecuted from such judgment an appeal to the circuit court, in which latter court he amended the complaint so as to claim the sum of $100 as due "for work and labor done at request of defendant, on, to wit, during the months of February and March, 1923."

The action of the trial court in overruling defendant's motion to strike the amendment constitutes the principal question here presented. Appellant insists that the complaint could not on appeal to the circuit court be amended so as to seek recovery for a larger sum due for a more extended period of time, and that it constituted an entire departure from the original cause of action, citing, among other authorities, Swanson v. Brown, 160 Ala. 432, 49 So. 675. It is further argued that the plaintiff had elected to sue for a definite sum due for a stated period, under one entire contract, and that the allowance of the amendment on appeal would violate the rule against permitting a plaintiff splitting up a single cause of action into two or more suits. 1 R. C. L. 353; 2 Corpus Juris, 1114; Herman on Estoppel and Res Judicata, 250. The principle insisted upon was recognized by this court in Liddell v. Chidester, 84 Ala. 508, 4 So. 426, 5 Am. St. Rep. 387.

We are of the opinion, however, that this principle is without application to the instant case. Here, there is no question of two suits brought or splitting up a cause of action, but only the bringing of one suit for recovery of wages due for a certain period, and on appeal the sum merely enlarged to cover a more extended period of time. Certainly, under our liberal statute of amendments, the plaintiff could so have amended his complaint in the municipal court. Section 9513, Code 1923; Crawford v. Mills, 202 Ala. 62, 79 So. 456; N. C. & St. L. v. Produce Co., 199 Ala. 271, 74 So. 350.

The trial in the circuit court on appeal was, under our statute, de novo. Section 8784, Code 1923. As said by this court in Vinyard v. Republic Iron & Steel Co., 205 Ala. 269, 87 So. 552:

"This means that, subject only to a restriction of the claim to an amount or value within the jurisdiction of the justice court, * * * the trial is had as though the suit originated in the circuit court; * * * and a new complaint or an amendment to the old, may be filed by the plaintiff, provided it does not exhibit an entire change of parties plaintiff or defendant, and does not show a departure from, or change in, the original form of action."

We think the amendment here allowed came within the rule recognized in the Vinyard Case, supra, and that the motion to strike was properly overruled.

There were certain exceptions reserved to rulings on evidence, but this proof was merely in support of the complaint as amended, and presents the same question in different form only. What has been said in regard to the ruling on motion to strike the amendment to the complaint suffices as an answer to these assignments of error also.

No error appearing, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes