(107 So. 830)

**LAYTON et ux. v. HAMILTON. (6 Div. 441.)**

(Supreme Court of Alabama. March 25, 1926.)

**1. Executors and administrators ⊕130(2).**

Administrator or executor may recover possession of decedent's land from any person failing to show termination of decedent's title or better title in himself.

**2. Executors and administrators ⊕130(1).**

Personal representative cannot recover lands of decedent from latter's heirs or devisees or their grantees except for necessity, under Code 1923, §§ 5846–5882.

**3. Ejectment ⊕90(2)—In ejectment, deed under which plaintiff's deceased as former possessor entered held admissible to show character of claim and possession.**

In ejectment by administrator of former possessor, deed under which latter entered land, if not competent evidence of title, is admissible to show character of his claim and possession.

**4. Ejectment ⊕95(2).**

Former possession under deed in due form *held* prima facie evidence of title continuing to death of grantee and down to trial in ejectment by his representative.

**5. Ejectment ⊕86(3)—Presumption of title, created by possession under deed in due form, is conclusive against bare trespasser.**

Presumption of title, created by possession under deed in due form, is conclusive against bare trespasser, or any person without title of his own who does not show antecedent actual possession by himself or outstanding possession in third person.

**6. Landlord and tenant ⊕63(3)—Vendor and purchaser ⊕189.**

Tenant or purchaser of one previously in possession is estopped to deny landlord's or vendor's deed in possessory action, until he has first surrendered possession.

**7. Adverse possession ⊕41—Claim of parol gift or purchase with delivery of possession cannot affect legal title until lapse of 10 years.**

Claim of parol gift or purchase with delivery of possession cannot affect legal title until lapse of 10 years, and is no defense to possessory action at law theretofore.

**8. Ejectment ⊕86(3).**

In ejectment, parol sale or gift of land is not evidence of abandonment sufficient to defeat presumption in favor of title of former possessor.

**9. Descent and distribution ⊕75—To pass presumptive title based upon prior possession to heirs, decedent need not have been in actual possession at death.**

To pass presumptive title based on prior possession to heirs or legal representatives, decedent need not himself have been in actual possession at death, but need only have had right to immediate possession.

**10. Ejectment ⊕86(3)—Presumptive title, once established, is as effective as any showing of title, and has every attribute of perfect title.**

Presumptive title, once established, is as effective as any showing of title, and has every attribute of perfect title, and its alienation or divestiture must be effected in same manner.

**11. Ejectment ⊕86(3).**

In ejectment, where presumptive title based on possession has been established, plaintiff must prevail in absence of showing of divestiture of that title.

**12. Ejectment ⊕135.**

In ejectment, in which damages for unlawful detention were sought, evidence of rental value was relevant and competent.

**13. Appeal and error ⊕232(2).**

Objection to testimony cannot be urged on appeal on ground not made below.

---

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

**14. Ejectment ⬦136—In ejectment, claiming damage for unlawful detention, instruction that jury might award whatever it saw fit, arriving at amount from testimony, held not erroneous.**

In ejectment, where only damage claimed was for unlawful detention of premises, instruction that jury might award damages it saw fit, arriving at amount from testimony got from witness stand, but not in excess of amount claimed, *held* not erroneous, as roving commission to jury to make capricious finding.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action of ejectment by Foster Hamilton, as administrator of the estate of Frank M. Seiler, deceased, against W. H. Layton and wife. From a judgment for plaintiff, defendants appeal. Affirmed.

Horace C. Wilkinson and J. R. McElroy, both of Birmingham, for appellants.

Plaintiff should have shown a regular chain of title from the government or some grantor in possession. Ashurst v. Arnold-Henegar-Doyle Co., 78 So. 386, 201 Ala. 480; Smith v. Bachus, 70 So. 261, 195 Ala. 8; Driver v. King, 40 So. 315, 145 Ala. 585. The administrator must show some statutory necessity for maintenance of the action. Mayer v. Kornegay, 50 So. 880, 163 Ala. 371; Creel v. Creel, 52 So. 902, 167 Ala. 599; Stovall v. Clay, 20 So. 387, 108 Ala. 105. Plaintiff must show right of possession at the time of the trial. Roman v. Lentz, 69 So. 827, 194 Ala. 610; Burnett v. Roman, 68 So. 353, 192 Ala. 188; Slaughter v. McBride, 69 Ala. 510. An heir or personal representative' can only maintain ejectment, based on evidence of prior possession alone, when it is shown his ancestor, at the time of his death, was in possession under a bona fide claim of right. Hicks v. Burgess, 64 So. 290, 185 Ala. 584. An instruction to the jury to find such damages as they see fit is a roving commission and an improper instruction regarding the measure of damages. Howard v. Taylor, 8 So. 36, 90 Ala. 241; Ala. Nor. R. Com. v. Methvin, 64 So. 175, 9 Ala. App. 519; Camp v. Wabash R. Co., 68 S. W. 96, 94 Mo. App. 272.

J. Q. Smith, of Birmingham, for appellee.

The administrator may maintain ejectment to recover land of the title of which his intestate was seized and possessed at time of his death against any one who does not show a termination of that title or a better in himself. The present case is against strangers. Pendley v. Madison, 3 So. 618, 83 Ala. 484; Watson v. Prestwood, 79 Ala. 416; Golding v. Golding, 24 Ala. 122; McCullough v. Wise, 57 Ala. 623; Wells v. Elliott, 68 Ala. 183. A prior possession of land, accompanied with acts of ownership, by one from whom plaintiff deduces title, will authorize a recovery against defendants, who are afterwards found in possession without any claim of title. McCall v. Pryor, 17 Ala. 533; Dennis v. Price, 41 So. 840, 148 Ala. 243. When both parties in ejectment claim from the same source, each is equally estopped to impeach that title, and plaintiff need not prove back of such source. Pendley v. Madison, supra; Florence v. Schall, 18 So. 108, 107 Ala. 531; Stephenson v. Reeves, 8 So. 695, 92 Ala. 582. Plaintiff's possession was prima facie evidence of title. Dodge v. Irvington, 48 So. 383, 158 Ala. 91, 22 L. R. A. (N. S.) 1100; Tidwell v. McCluskey, 67 So. 673, 191 Ala. 38. He who enters into possession of land under a parol gift is a tenant at will, until there has been such adverse possession as, if continued for statutory period, will work divestiture of the donor's gift. Gillespie v. Gillespie, 43 So. 12, 149 Ala. 184; Collins v. Johnson, 57 Ala. 304; Burrus v. Meadors, 7 So. 469, 90 Ala. 140. A general exception to the entire oral charge cannot be sustained. S. & N. R. Co. v. McLendon, 63 Ala. 266; Stevenson v. Moody, 3 So. 695, 83 Ala. 418.

SOMERVILLE, J. [1] The principle has long been settled in this state that an administrator or executor may recover possession of his decedent's lands from any person who does not show a termination of the decedent's title or a better title in himself. Golding v. Golding, 24 Ala. 122; Russell v. Erwin, 41 Ala. 292; McCullough v. Wise, 57 Ala. 623; Watson v. Prestwood, 79 Ala. 416; Sullivan v. Rabb, 5 So. 746, 86 Ala. 433.

[2] It is also well settled that a personal representative cannot recover such lands from his decedent's heirs or devisees, or their grantees, unless he affirmatively shows a case of necessity therefor under article 15 of chapter 253 (section 5846 et seq.) of the Code. Lee's Adm'r v. Downey, 68 Ala. 98; Johnson v. Sandlin, 89 So. 81, 206 Ala. 53; Mayer v. Kornegay, 50 So. 880, 163 Ala. 371, 136 Am. St. Rep. 79. But, as said by Stone, C. J., in Sullivan v. Rabb, 5 So. 746, 748, 86 Ala. 433, 439:

"Whether the heir could defend against a suit by the personal representative, on the ground that the lands are not needed for any purpose that falls within the purview of the latter's power, we need not inquire. That is not this case. It is manifest that no other person can raise that question."

[3-5] It appears without dispute that plaintiff's intestate, Seiler, bought the land in suit from the Ensley-Pratt Highland Company on October 8, 1919, received a deed in due form purporting to have been executed by that company, by its president, and thereupon took possession of the premises and lived thereon until his death on June 22, 1923. Conceding, without deciding, that the deed under which the intestate entered upon

and held the land was not competent evidence of title, it was nevertheless admissible to show the character of his claim and possession. Such a possession, with or without the deed in evidence, was prima facie evidence of title continuing until his death and down to the time of the trial. Perolio v. Doe, 73 So. 197, 197 Ala. 561; Blair v. Blair, 74 So. 947, 199 Ala. 480; Dodge v. Irvington Co., 48 So. 383, 158 Ala. 91, 22 L. R. A. (N. S.) 1100. This presumption is conclusive against a bare trespasser, and it is effective against any person who, having no title of his own, does not show an antecedent actual possession by himself, or an outstanding title in a third person.

As stated in the brief of counsel, defendants deny plaintiff's right to recover: (1) Because the decedent did not own the land, or at least his ownership was, under the evidence, a question of fact for the jury; and (2) because, if decedent had the title, he agreed for a valuable consideration, executed on the part of defendants, to convey the land to them, and in fact gave them possession some time before he died.

[6] There is nothing in the evidence that tends in any way to rebut or overcome the presumption of decedent's title growing out of his possession of the land. Whatever he may have done, or planned to do, with it afterward would have no bearing on the question. Moreover, counsel overlook the principle that one who receives possession of land as the tenant of or purchaser from another previously in possession is estopped in a possessory action to deny his landlord's or vendor's title, until he has first surrendered the possession to him or his grantee, or his legal representative. Anders v. Sandlin, 67 So. 684, 191 Ala. 158; Potts v. Coleman, 67 Ala. 221; T. & C. R. Co. v. E. A. Ry. Co., 75 Ala. 516, 51 Am. Rep. 475. So, upon whatever theory defendants profess to hold the land (and their only claim of possession and right or title is derived from the decedent), the evidence shows a perfect estoppel.

[7] As to the claim of a parol gift or purchase from the decedent, with delivery of possession thereunder, such a claim, even if proved, could not affect the legal title until the lapse of ten years after the transaction relied on. Hence, if all of the evidence offered by defendants in support of their claim had been admitted, it would have presented no defense to this action at law for possession. Nothing short of a divestiture of the decedent's legal title would avail for that purpose.

[8-10] Counsel for defendants contend in their brief that the presumption in favor of the decedent's title was defeated and destroyed by his abandonment of the land. But there was no evidence introduced or offered to show such an abandonment. A sale or gift of the land by the decedent to defendants, if shown, would not evidence an abandonment of his claim, but would rather be a clear affirmation of its existence—the assumption, in fact, of the prerogative of an owner. The principle declared in Hicks v. Burgess, 64 So. 290, 185 Ala. 584, can have no application here. In order to pass down to heirs or legal representatives a presumptive title based upon prior possession, it is not necessary that the decedent should himself be in the actual possession of the land at the time of his death. It is enough if, having been ousted by a bare trespasser, or having delivered possession to a donee, or a tenant, or a purchaser, taking under and in privity with himself, he yet retains the legal title, and, as a necessary legal incident, the right of immediate possession. It is hardly necessary to observe that a presumptive title, once established, is as effective for every purpose as a title shown to rest on a perfect chain of writings, and has every attribute and incident belonging to a perfect title; and, of course, its alienation or divestiture must be effected in the same manner.

[11] These defendants claim to have rented the premises from the decedent, paying rent for three months; and they claim that thereafter they held as purchasers under a parol agreement with him, which he expected to execute by giving them a deed. But, whatever theory might be established, there being nothing to show a divestiture of the decedent's legal title, the plaintiff must prevail in a possessory action at law.

[12, 13] The testimony of the witness Meade that the rental value of the premises was $50 per month was relevant and competent, and the witness qualified by showing his knowledge of the place. However, no objection was made to his testimony on that ground at the time it was offered, and that objection is not available now.

[14] The oral charge given to the jury was excepted to as a whole. It certainly contained one correct statement of law, as applicable to the evidence before the court, viz.:

"You have the right to award damages in whatever sum you see fit, *arriving at the amount from the testimony you get from the witness stand*, not in excess of the amount claimed by the plaintiff."

The italicized clause saves the instruction from the criticism that it is a "roving commission" to the jury to make a capricious finding, and distinguishes this case from Howard v. Taylor, 8 So. 36, 90 Ala. 241.

The only damages claimed were for the unlawful detention of the premises, and the evidence showed without dispute what the amount was, viz., $50 a month. There may be cases where the issues as to damage, and the testimony or lack of it, would render even this instruction so misleading as to be

reversible error. We are clear to the conclusion that it was not erroneous here.

The exception to the entire oral charge must therefore be overruled.

Our view of the case renders further discussion unnecessary. For the reasons above set forth, the rulings of the trial court were free from error, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.