169 So. 724

## COX v. LERMAN et al.

### 8 Div. 723.

Supreme Court of Alabama.

June 11, 1936.

Rehearing Denied Oct. 8, 1936.

R. B. Patton, of Athens, for appellant.

D. L. Rosenau, Jr., of Athens, and E. W. Godbey, of Decatur, for appellees.

BROWN, Justice.

This is a bill by an alleged purchaser against the vendor and the sheriff, seeking specific performance of a contract of sale, an accounting, and to enjoin the dispossession of the complainant under a writ of possession issued in an action of unlawful detainer, originally filed in a justice of the peace court and removed by the defendants to the circuit court to test the title.

The bill alleges that prior to the 15th day of August, 1917, the defendant E. D. Lerman was the owner of the lands specifically described in paragraph 4 of the bill; that on said date the complainant, by parol contract, purchased said land from the de-

fendant Lerman, agreeing to pay him the sum of $1,000 for the same, and said Lerman agreed to accept said sum in full payment thereof; "that, thereupon, your orator paid to the said E. D. Lerman the full and true sum of fifty ($50.00) Dollars on the payment of said land, and thereupon the said E. D. Lerman accepted said sum of money and put your orator in possession thereof, where your orator has remained from said 'date until the time of the filing of this bill of complaint;" that during the years intervening between August 15, 1917, and this date, complainant has paid to the defendant Lerman large sums of money, "some of which payments were for the lands so bought as above set out and some was on account; that said E. D. Lerman kept all of the books and accounts and it is impossible for your orator to know exactly the amount he is due the said E. D. Lerman for the balance of the purchase price of said land, or whether there is any sum due; that he has delivered to the said E. D. Lerman all of the crops which were produced on said lands, and has paid in other ways produce and other money, and * * * has bought various items of merchandise from the said E. D. Lerman on account, and during the eighteen (18) years they have had no settlement, and the accounts are mutual, and the same are complicated and confused."

The bill further avers that the defendant brought a suit of unlawful detainer against the complainant and has obtained a judgment, in the circuit court, upon which a writ of possession has issued and is now in the hands of the defendant Wellden, as sheriff of Limestone county, and will be executed and complainant dispossessed unless the defendants are restrained.

The bill further alleges that complainant is ready, willing, and able to pay whatever is found to be due on the purchase money, and offers in his bill to do equity.

Upon the filing of the bill an order was entered directing the register to issue a temporary writ of injunction "upon the complainant entering into a bond, payable and conditioned as required by law, in the sum of $150.00, to be approved by the Register."

The bond was filed and approved and the writ issued on December 21, 1935.

On December 26th, the defendant Lerman appeared and alleged that the bond was insufficient in surety and amount, and moved that the complainant be required to give another bond. This motion was granted, and the bond increased in penalty to $250. The bond was subsequently given and approved on January 11, 1936.

On January 3, 1936, the defendant Lerman filed an answer, admitting that on August 16, 1917, he agreed to sell the complainant the land at the alleged price of $1,000, "interest to be charged on said amount at the rate of 8% per annum, payable annually"; that he placed the complainant in possession under said parol contract, and also admits that complainant paid him $50 on said contract. The answer denies that complainant has ever paid anything more on said contract, and alleges, as matter of affirmative defense, that it was agreed between the parties that if the complainant failed to pay the interest annually the contract would be null and void, and that the relation of landlord and tenant would become effective; that complainant failed to meet any installment of interest when due, "which was known to complainant, and the contract was thereupon called off and rescinded"; that thereafter the complainant became the tenant of the defendant Lerman, and has so continued; that an action of unlawful detainer was brought by the defendant Lerman against complainant, resulting in a judgment by consent for the defendant here, plaintiff in the suit at law.

The defendant Lerman incorporated the following in his answer: "Defendant now moves the Court *to dissolve the injunction on denials in the answer and for want of equity in the bill.* Defendant also incorporates in this answer a demurrer to said bill and demurs to said bill on the ground that there is no equity in the bill." (Italics supplied.)

The "cause coming on to be heard on the 13th day of January, 1936, on the motion of the defendant to dissolve the injunction on denials and sworn answer to the bill, and because there is no equity in the bill," and on the demurrer to the bill and transcript of the judgment in the unlawful detainer case, the court, upon consideration of the motion and demurrer, entered a decree granting the motion, dissolving the injunction, and sustaining the demurrer for want of equity. From that decree this appeal is prosecuted.

■ Taking the averments of the bill as true, we are unable to discover the theory upon which the learned circuit judge ruled that the bill is without equity. The averments of the bill bring the contract of sale clearly within the second exception declared in subsection (5) of section 8034 of the Code, which provides: "In the following cases, every agreement is void, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing: * * * (5) Every contract for the sale of lands, tenements, or hereditaments, or of any interest therein, except leases for a term not longer than one year, *unless the purchase money, or a portion thereof be paid, and the purchaser be put in possession of the land by the seller.*" (Italics supplied.)

So, also, taking the averments of the bill as true, the complainant has been in the continuous possession of the lands and has continued to pay by turning over all the crops grown on said land and otherwise. While it may be that complainant has been guilty of laxness as to his interest in failing to demand an accounting for eighteen years, this in and of itself, where he has remained in continuous possession and has been continuously paying, is not sufficient to close the doors of a court of equity to him. If he had not remained in continuous possession and had made no effort to pay the purchase money, the result might well be different.

We are, therefore, of the opinion that the circuit court erred in sustaining the demurrer to the bill.

■ The motion to dissolve the injunction was grounded "on the denials in the answer and for want of equity in the bill," and thus the scope of the court's inquiry was also limited to these grounds.

"As we have heretofore held the statute [section 8311, Code 1923] abrogated the rule theretofore existing, which limited the right of defendant to move a dissolution, for want of equity in the bill, and on the denials of the sworn answer, and enlarged his right to ground the motion on the sworn denials of the answer and its allegations setting up affirmative matter of defense, but the statute does not restrict the movant's right to limit his motion to the denials in the answer, and, when he does,

he limits the scope of the court's consideration." Holcomb et al. v. Forsyth, 216 Ala. 486, 492, 113 So. 516, 522.

■ As pointed out above, the answer admitted the fact that said contract was made, part of the purchase money paid, and that the complainant was put in possession. These admitted facts are the foundation of the bill's equity, and the motion to dissolve being limited to the denials in the answer, the affirmative matters of defense set up could not be considered.

We are further of the opinion, in the circumstances disclosed by the record, that the temporary injunction should not have been dissolved.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.