169 So. 704

**HANCOCK et al. v. WATT.**

**7 Div. 391.**

Supreme Court of Alabama.

June 11, 1936.

Rehearing Denied Oct. 8, 1936.

McCord & McCord, of Gadsden, and Irby A. Keener, of Centre, for appellants.

W. T. Murphree, of Gadsden, and Hugh Reed, Jr., of Centre, for appellee.

30

GARDNER, Justice.

The appeal is from a decree overruling a motion to dissolve a temporary injunction.

The bill for its equity rested upon the theory that complainant, as owner of the real estate therein described and in possession thereof, was entitled to protection against destruction of the substance of her property, or to prevent trespass of a continuous nature, so that action at law would be inadequate (Birmingham Trust & Savings Co. v. Mason, 222 Ala. 38, 130 So. 559), as well, also, the protection of a lawful business (Walker v. Ferguson, 221 Ala. 549, 130 So. 64). The equity of the bill was not questioned.

■ Reliance for dissolution of the injunction was rested upon sworn denials of the answer and affirmative matter of defense therein presented, with supporting affidavits, all of which are proper to be considered under our present statutory system. Section 8311, Code 1923; Profile Cotton Mills v. Calhoun Water Co., 189 Ala. 181, 66 So. 50.

■ Upon consideration of these matters, we are persuaded the injunction was due to be dissolved.

These defendants were put into possession of the lands as tenants of the present administrator of the estate of Mrs. E. C. Watt, the owner of the land who died in possession thereof in 1928, without sufficient personalty with which to pay the debts; the rents of the land being necessarily used for that purpose. Section 5846, Code 1923; Powell v. Labry, 210 Ala. 248, 97 So. 707; Layton v. Hamilton, 214 Ala. 329, 107 So. 830.

Previously this complainant, the daughter of said decedent, and therefore one of the heirs, had served for a few years as administratrix, rented the land, collected and accounted for the rents in her capacity as such administratrix, paid debts out of the rents so collected, including taxes and insurance, receiving credit therefor upon a final settlement had upon her removal as such administratrix for incompetency. As to all of these matters we find no substantial denial in the proof.

■ As to the averment in the bill of ownership of the property, complainant rests her claim upon a mere parol gift from her mother, and nothing more, which, of course, under our statute of frauds will not suffice. Section 8034, Code 1923; Phillips v. Phillips, 224 Ala. 321, 140 So. 434. And that no title by adverse possession has been acquired appears too clear for discussion, so far as this present record discloses.

True, complainant is one of the heirs, but the proof, uncontradictorily it seems, shows a necessity for interception by the administrator of the rents to pay debts of the estate, and that the administration thereof has been moved into the equity court where is pending a petition for partition of the land among the heirs and a lien to be fastened thereon to secure remaining debts.

The bill seeks no protection of the interest of complainant in a pending suit, and no necessity therefor is shown. The entire theory of complainant's bill is that she, as owner in possession, is entitled to injunctive relief against these defendants, and the proof shows no such ownership, but that defendants are tenants of the administrator occupying the lands in the usual customary manner; the ownership having been in decedent at her death and so recognized by complainant when she served as administratrix of the estate.

■ It is the recognized rule, in cases of this character, where there is great doubt as to complainant's right, preliminary injunctive relief will be generally denied. Walker v. Cox, 209 Ala. 627, 96 So. 707; Rice v. Davidson, 206 Ala. 226, 89 So. 600; 32 Corpus Juris, 36.

■ While it is not necessary that the court must first find that complainant has

certainly a right, yet it must appear that he has a fair question to raise as to the existence of such a right. Thetford v. Town of Cloverdale, 217 Ala. 241, 115 So. 165. Unless it so appears, then the court does not reach a consideration of the matter of balance of convenience or inconvenience to the one party or the other.

We have said enough to clearly indicate complainant's case fails to meet the test for injunctive relief.

It results, therefore, that, in our opinion, the motion to dissolve should have been sustained. The decree is accordingly reversed, and one here rendered dissolving the injunction heretofore issued, and the cause is remanded to the court below.

Reversed, rendered, and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.