14 So.2d 141

### DUDLEY v. WHATLEY,
### 5 Div. 375.

Supreme Court of Alabama.
May 20, 1943.

Rehearing Denied June 30, 1943.

See, also, 30 Ala.App. 579, 10 So.2d 43.

510

J. B. Hicks, of Phenix City, for appellant.

Jacob A. Walker, of Opelika, for appellee.

BROWN, Justice.

The appeal is from an interlocutory decretal order granting the defendant's motion to dissolve the temporary injunction theretofore issued, and sustaining the demurrer to the bill.

The motion to dissolve is for want of equity in the bill, and upon the sworn answer denying, in part, the allegations of the bill and alleging affirmative defensive matters and proof by affidavit, the complainant submitting counter proof.

 In determining whether or not the bill has equity the facts stated and not the manner of their statement are to be considered. Amendable defects apparent or suggested by allegations made will be treated as cured. Holcomb et al., v. Forsyth, 216 Ala. 486, 113 So. 516; Singo et al. v. Brainard, 173 Ala. 64, 55 So. 603.

The denials of the answer are no longer conclusive, but are to be considered with the affirmative allegations of fact supported by affidavit, and allegations of the bill not denied are to be taken as confessed. Code 1940, Tit. 7, § 1061; Brown v. Bell, 206 Ala. 182, 89 So. 659; West v. State ex rel. Matthews, 233 Ala. 588, 173 So. 46;

Cox v. Lerman, 233 Ala. 58, 169 So. 724; Hancock v. Watt, 233 Ala. 29, 169 So. 704.

The bill alleges, to state its substance, that on June 3d, 1941, Lula A. Whatley sued the complainant in a justice of the peace court, claiming $90 due from him as rent for a dwelling· house; that judgment was rendered against him in said court for the sum claimed and costs. That on September 10, 1941, another suit was filed in said justice court claiming $37.50 due from him as rent for the same dwell· ing. In both of said suits the complainant prosecuted appeals to the circuit court, and pending· said cases on said appeal, complainant filed motions to remove the same into equity, on the ground that at the time of the commencement of the said actions in the justice court and since the plaintiff in said suits was indebted to him in the sum of $670 for money had and received, arising from the over-payment by him to said Lula A. Whatley on a mortgage indebtedness, superinduced by threat of foreclosure, which indebtedness he was prevented from pleading as set-off, without great sacrifice, because his claim for money due him far exceeded the jurisdiction of such justice court. His said motions to remove the controversy to equity were denied. Thereupon the death of said Lula A. Whatley was suggested and said cases were revived in the name of S. M. Whatley as administrator of her estate. On the trials in the circuit court complainant offered to show said indebtedness, as a defense, which defense was denied him and all evidence relating thereto rejected. Said judgments were on appeal to the Court of Appeals affirmed. Dudley v. Whatley, 30 Ala.App. 579, 10 So.2d 43.

The bill further alleges that S. M. Whatley, as administrator of said estate and as plaintiff, was at the time of filing of the bill threatening to have executions issued on said judgments and cause the same to be levied on complainant's property and effects, and he is without money to pay and satisfy the same, and will suffer loss in the sacrifice of property and costs if the enforcement of said judgments is not enjoined. The bill alleges that complainant has filed his claim as a claim against said estate and that it has been denied by the administrator of said estate.

The bill also alleges that complainant made the overpayment on the mortgage indebtedness to the said Lula A. Whatley under protest that the amount exacted was excessive, but he was without knowledge of the exact amounts that he had previously paid, the evidence of which was in the hands of said Whatley, and he was unable to determine the amount of such overpayment until he made the same and the mortgage and notes carrying evidence of previous payments were delivered to him.

There is an absence of averment that he made request to inspect said papers and that such inspection was refused, but he alleges, "that he was falsely, fraudulently, or mistakenly overcharged on the Mortgage Debt, by the said Lula A. Whatley," and unless the enforcements of said judgments are enjoined, "he will be compelled to pay off said judgments, while said estate is indebted to him in a much greater sum."

The bill does not allege that the estate of said Lula A. Whatley is insolvent; on the other hand, the answer shows that the estate is not insolvent, but has assets out of which to pay said claim of complainant if judgment is recovered thereon in an action at law.

The answer denies that said Lula A. Whatley or her estate was indebted to the complainant, or that said mortgage debt was overpaid by him, and alleges that said payment was voluntarily made after an amicable adjustment between the parties, and said payment was for a less sum than was claimed by the said Lula A. Whatley.

The burden of appellee's argument is that it is essential to the bill's equity that it allege that the estate against which the set-off is asserted is insolvent, otherwise the complainant has a complete and adequate remedy at law.

While insolvency of the alleged debtor is the usual basis for invoking the jurisdiction of a court of equity to entertain a bill for equitable set-off, it is not the only ground upon which the court's jurisdiction may be invoked. Nor does the mere fact that the party claiming such set-off may by action of assumpsit effect a recovery on his claim and collect the same by execution or other legal process constitute in all cases and under all circumstances a complete and adequate remedy. Fischer v. Pope et al., 233 Ala. 301, 171 So. 752; 24 R.C.L. p. 807, § 15; Ex parte Fischer, 229 Ala. 455, 157 So. 869; Stewart v. Burgin et al., 219 Ala. 131, 121 So. 420.

In Fischer v. Pope et al., supra [233 Ala. 301, 171 So. 753], it was said: "While the mere existence of mutual and independent demands does not authorize the inter-

position of a court of equity to set them off against each other, yet, 'where there is some intervening equity which renders it necessary for the protection of the demand sought to be set off, that court will interpose to see that justice is done.' * * * The insolvency of the party against whom the set-off is claimed is, as a general rule, such a special equity as will justify a court of equity in taking jurisdiction to allow the set-off. * * *"

The text R. C. L., supra, is: "In order to effect an equitable set-off it is well settled that equity has jurisdiction to restrain a judgment creditor from collecting his judgment against the judgment debtor, until a claim of the latter against the former has been judicially established, and then to permit an equitable offset of the one against the other, where the judgment creditor is either insolvent, or has no property out of which the judgment debtor can collect his claim, or has secreted his property in order to defeat the claim of the judgment debtor, the judgment debtor in asserting his claim being free from negligence; and relief will be given where the claim of the judgment debtor, as a matter of practice, could not have been interposed as a counterclaim or defense in the action in which the judgment was rendered. * * *."

Among other cases cited as supporting the text is Wells, Ex'r, etc., of John P. Johnson, v. Cochran et al., 88 Neb. 367, 129 N.W. 533, 534, 35 L.R.A.,N.S., 142, a case in point, where it was said: "Upon the merits the defendant contends that since the district court refused to grant the executor a new trial in the law action, it conclusively appears that he was negligent in not appearing for trial, and, having failed to litigate his set-off in that action, equity should not interfere in his behalf. The principle invoked is sound, but there are exceptions to all general rules. The executor's remedy in trying the set-off in the action at law was not complete and adequate because the case had been appealed from justice court, and the district court could not render judgment for more than $200, although the executor's demand, after deducting the amount of the Cochran note, would exceed that sum. * * *" [35 L.R.A.,N.S., 145]; See also Burton v. Willin, 6 Houst. 522, 22 Am.St.Rep. 363.

The jurisdiction of the circuit court on the appeal from the justice of the peace, was circumscribed by the constitution and statutes which define and limit the jurisdiction of justices of the peace, and the defendant there, complainant here, would have had to make a remittitur of the major part of his claim or forego the right to plead set-off. Wharton v. King, 69 Ala. 365; Giddens v. Bolling, 92 Ala. 586, 9 So. 274; Vinyard v. Republic Iron & Steel Co., 205 Ala. 269, 87 So. 552; Sloss-Sheffield Steel & Iron Co. v. Johnson, 212 Ala. 570, 103 So. 654; Davis v. Bedsole, 69 Ala. 362; Liddell v. Chidester, 84 Ala. 508, 4 So. 426, 5 Am.St.Rep. 387.

■ Our conclusion is that the complainant's remedy at law is not adequate and complete on either horn of the dilemma. In the first place in order to assert his set-off in the former suits he had to lose the major part of his claim, and in the second place if he sues at law without intercepting the process of the court for the collection of said judgments, he must either pay the judgments and costs or suffer loss and annoyance incident to the enforcement of said judgments while he is seeking recovery on his claim which far exceeds the amount of said judgments.

■ Nor does the proceeding instituted in the Probate Court of Macon County to determine the validity of the claim of complainant as a claim against the estate under § 216, Tit. 61, Code 1940 furnish a complete and adequate remedy. The jurisdiction of the probate court is statutory and limited and that court is without power to stay or intercept the process of the circuit court issued for the collection of said judgments, or set-off said claims, one against the other.

■ It is next insisted that complainant was negligent in not ascertaining the true amount due on the mortgage debt before making the overpayment and hence cannot recover as for money paid under mistake of fact. This insistence cannot be sustained. "The general rule of law is clear and undisputed, that money paid under a mistake, on the part of the payor, of a material fact, may be recovered of the person receiving it, in an action of assumpsit, on either of the common counts, for money had and received, or for money lent, or for money paid. The authorities in this court do not excuse the person receiving from liability, because the payor, before making payment, had in his power the means of ascertaining the facts, and was not diligent in the employment of such

means." Brickell, C. J., Young & Son v. Lehman, Durr & Co., 63 Ala. 519, 522.

The foregoing observations and principles are in respect to the assignments of error predicated on the dissolution of the temporary injunction. We, for reasons stated, are of opinion that the temporary injunction should be reinstated pending a trial of the controversy on the merits, and to that end the decree of the circuit court is reversed and one here rendered reinstating the temporary injunction.

We are further of opinion that the bill is subject to some of the specific grounds of demurrer, notably grounds 24, 27, 28 and 29, and that the court did not err in sustaining the demurrers.

The first paragraph of the bill alleges that certain facts were stated in the motions to transfer, filed in the two appealed cases. The bill should allege what the facts are as a predicate for the relief it now seeks. The demurrer however did not point out this defect.

Affirmed in part, and in part reversed and rendered.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.