34 So.2d 221

**HUNTER v. PARKMAN.**
4 Div. 475.

Supreme Court of Alabama.
Feb. 26, 1948.

Rehearing Denied March 11, 1948.

J. W. Brassell and A. L. Patterson, both of Phenix City, for appellee.

Smith & Smith, of Phenix City, for appellant.

BROWN, Justice.

This appeal is from the order of the circuit court overruling the defendant's motion to dissolve the injunction and the order appointing a receiver to take charge of the assets of the dairy pending the litigation. The motion to dissolve the injunction is rested upon want of equity in the bill, the denial of the sworn answer and affirmative facts alleged in the answer. The court set these motions down for hearing, and proof was taken by testimony of witnesses examined ore tenus, covering more than 100 pages of the transcript.

After consideration of this testimony the court denied the motion to dissolve, appointed a receiver to take charge of the assets of the business, requiring the receiver to execute a bond in the sum of $5,000, which was duly executed and approved by the register.

The allegations of the bill, to state the substance thereof, are that on the 11th of February, 1946, the defendant Hunter owned a plantation just south of Uchee Creek and east of U. S. Highway 241 in Russell County, consisting of approximate-

ly 1,200 acres, upon which was located a dairy barn and a residence for use in the operation of the dairy, a herd of dairy cattle and equipment, consisting of trucks, tractors and other dairy equipment. On said date, the parties to this litigation, said Hunter and complainant Parkman, entered into a contract in writing duly signed, copy of which is attached and made a part of the bill.

The substance of the contract is that said Parkman should live on, supervise and manage said dairy farm for a period of five years from January 1, 1946, upon the basis of a division of all profits derived from the operation of said dairy farm, to be determined by an accounting monthly. Hunter agreed to furnish the lands, the houses and the equipment for the operation of the business and Parkman agreed to furnish the labor necessary in the operation of said dairy business, and the feeding of the herd. The contract provided that the maintenance of all trucks, tractors and equipment necessary to the operation located on said premises and the cost of all feed, fertilizer, gas, oil, electricity "and such other expenses as may be incurred in the care and production of milk," other than the labor, was to be deducted from all profits realized from the operation of said business.

Hunter agreed to keep a herd of dairy cattle of not less than 150 head or more to be of the same type and grade as the cattle then on said dairy plantation and to replace cattle sold or that should die and that the parties should share equally in the profits of all crops raised on said farm, not used for feeding purposes, sold to outsiders. That the dividends in the Wells Dairy and Algo Feed Company should be treated as profit and accredited to the business during the life of the agreement.

That all increase of the herd during the operations under the contract should belong jointly to the parties. That all bookkeeping, receipt of all funds and deposits thereof and the signing of all checks which were issued would be drawn by Parkman, who should keep the accounts and records of all transactions, purchases and sales and that a monthly statement should be made for the determination of the profits.

The bill further alleges that said contract is still in force and effect and that the complainant in carrying out the terms of said contract has invested his time and labor for about two years and put $15,000 into said undertaking and that the said dairy business at that time was a paying concern. That complainant is in' possession of the premises and operating and managing said dairy to the mutual benefit of the parties. That he has greatly improved the soil and cleared additional lands for use; that said dairy plantation is now in condition to begin to produce and pay returns on complainant's investment.

That the respondent has begun to harass, threaten, interfere with and move off of said premises the property and equipment used in the operation of said dairy and necessary to its successful operation, against the wish and over the objection of the complainant. That unless the defendant is prevented from further sabotage of the business and property used in and necessary to the operation of said business, complainant will suffer irreparable loss.

The bill further avers that the defendant needlessly enters upon said premises and takes charge of complainant's labor, and that members of the defendant's family, his agents and employes enter upon the premises and assist defendant in harassing the complainant and in removing property, in violation of the contract between the parties. The defendant has interfered with collection of the moneys due for the dairy products sold to customers, and cramped the complainant in procuring feed and the payment for labor.

The answer filed by the respondent admits some of the material allegations of the bill,—that the parties entered into said contract which is attached as an exhibit to said bill; but denies the existence of said contract at the time of the filing of the bill and sets up affirmative matter in his answer touching the controversy between the parties going to show his general attitude to be that the partnership has been dissolved by the conduct and acts of complainant and all of said property be-

longs to defendant and he has the right to do with it as he pleases.

After a full hearing, as heretofore stated, the circuit court denied the motion to dissolve, appointed a receiver and confirmed said appointment on motion for rehearing by the defendant.

The appellant insists that the verification of the bill is defective in that it is based on "the best of affiant's knowledge, information and belief." No objection was made to this verification in the trial court. Moreover the verification of defendant's answer is in the same form. These matters are not presented here for review on this appeal.

Appellant further insists that there is an absence of averment in the bill that the defendant is insolvent and hence complainant had a complete and adequate remedy at law.

In Warren & Co. v. Pitts et al., 114 Ala. 65, 68, 21 So. 494, this court, speaking through Brickell, C. J., observed; "There are cases in which the appointment of a receiver is almost a matter of course, although fraud or imminent danger of injury be not shown. But the general principle on which courts of equity proceed is that the appointment is a matter of sound judicial discretion, to be exercised in view of all the circumstances of the particular case, 'for the purpose of promoting the ends of justice, and of protecting the rights of all the parties interested in the controversy and the subject-matter, and based upon the fact that there is no other adequate remedy or means of accomplishing the desired objects of the judicial proceeding. One of the most material circumstances, without which the court would hardly make the appointment, is the reasonable probability that the plaintiff asking for a receiver will ultimately succeed in obtaining the general relief sought for by his suit.'—3 Pom.Eq.Jur. § 1331. * * *"

The relation between the parties created by the contract attached and made an exhibit to the bill was that of partners in business with the right of control and management of the dairy business committed to the complainant as a part of his contribution to the business, with the right to collect and receive the proceeds accruing in the sale of the dairy products, and to deposit and draw on the same in paying the necessary expenses of operation.

The defendant's contribution was furnishing the dairy farm and equipment and the herd of milk producing cows necessary to operate the business and to leave its management to the complainant. This relation, in the circumstances disclosed, could only be terminated by the mutual consent of the parties or by a decree of a court of equity. Code of 1940, Tit. 43, § 33. The right to the use and occupation of the dairy farm buildings and equipment, with the usufruct of the realty and its use and the increase of the herd of dairy cattle, constituted partnership assets. Code of 1940, Tit. 43, § 28.

The bill is not without equity. In Dudley v. Whatley, 244 Ala. 508, 14 So.2d 141, 143, 147 A.L.R. 508, it was observed:

"In determining whether or not the bill has equity the facts stated and not the manner of their statement are to be considered. Amendable defects apparent or suggested by allegations made will be treated as cured. Holcomb et al. v. Forsyth, 216 Ala. 486, 113 So. 516; Singo et al. v. Brainard, 173 Ala. 64, 55 So. 603.

"The denials of the answer are no longer conclusive, but are to be considered with the affirmative allegations of fact supported by affidavit, and allegations of the bill not denied are to be taken as confessed. Code of 1940, Tit. 7, § 1061; Brown v. Bell, 206 Ala. 182, 89 So. 659; West v. State ex rel. Matthews, 233 Ala. 588, 173 So. 46; Cox v. Lerman, 233 Ala. 58, 169 So. 724; Hancock v. Watt, 233 Ala. 29, 169 So. 704."

It appears that the court not only considered the allegations of the bill but the denial and allegations of the answer in connection with the voluminous testimony taken ore tenus and after due consideration we are not able to affirm that the court was in error in denying the motion to dissolve and in the appointment of a receiver. As has been stated, the appellant limited his appeal to the motion

to dissolve and the order appointing the receiver. Hence the assignment of error predicated on the ruling of the court on the demurrer to the bill has not been considered or treated. We find no error in the record.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.

## On Rehearing

 The appellant rests his application for rehearing on the omission from the order appointing the receiver a requirement that complainant give a bond as provided by § 1158, Code of 1940, Title 7. As we have held this statute is mandatory and such omission in the order constitutes an irregularity, which if the matter had been called to the attention of the court by motion to vacate, followed by a failure or refusal of the court to correct the irregularity, would constitute error to reverse.

■ However, the court's jurisdiction in the matter was not nullified by the omission and the order appointing the receiver is not void. It is efficacious to support the appeal. Fowler v. Johnson, 135 Ala. 524, 180 So. 312, 313; Strother v. McCord, 222 Ala. 450, 132 So. 717.

■ Such irregularity is subject to waiver and was waived in this case by the appellant by motion made immediately for an order allowing a supersedeas and a fixation of the amount of bond therefor, and the execution of a supersedeas bond for appeal from the court's order. Strother v. McCord, supra. In the last cited case it was observed: "The fact that an appeal is prosecuted and thereby the appointment is suspended pending the appeal does not vacate the appointment. Its effect is merely to suspend, pending such appeal, the authority of the receiver to function as such, and of course suspends the authority and duty of complainant and the receiver to execute the bond as provided in the order of appointment." [222 Ala. 452, 132 So. 719.]

The irregularity was not noticed by the parties or the trial judge, and if any necessity now exists for a continuance of the receivership, it can be corrected by the court. The supersedeas rendered the error innocuous.

Application overruled.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.