# Jacoby *et al. v.* Funkhouser *et al.*

*Bill to Declare a Trust and to Terminate Same.*

(Decided April 13, 1905. 40 So. Rep. 291.)

1. *Trusts; Resulting Trusts.*—A bill to declare a trust in lands conveyed by deed absolute, which avers that no consideration was paid, but that the conveyance was intended only to vest

[Jacoby *et al.* v. Funkhouser *et al.*]

the legal title in the grantee as trustee for one of the grantors; that subsequent to the deed one of the grantors therein paid taxes on the land; that since grantor's death the grantee inquired if complainants would continue to pay taxes, and complainants furnished grantee money with which to pay taxes; that subsequent to the deed grantee advanced one of the grantors money at various times and looked to the property as security for the repayment of such sums, does not show a trust in lands resulting by implication of law.

2. *Mortgages; Equitable Mortgages; Absolute Conveyances.*—A bill to declare an express trust in lands conveyed by deed absolute which avers that no consideration was paid but deed was made for purpose of investing legal title in grantee, as trustee for complainant's mother, and that subsequently grantee advanced to one of the grantors various sums of money and looked to the property as security for repayment of the sums advanced, but which fails to aver in terms that any indebtedness existed between the grantor and grantee at the date of the execution of the deed, or any agreement for future advances were made to one of the grantors and the lands conveyed looked to as security for the payment of same, or that such grantor received the advances with any agreement that grantee could look to the land for payment or security does not allege sufficiently an agreement for a lien, or show a debt on which to rest the theory of an equitable mortgage; especially when the evidence shows that at the time of the execution of the deed, the legal title to the land was vested in one of the grantors as trustee, for the wife of another of the grantors.

3. *Same; Conveyance to Secure Debt; Pleading; Sufficiency.*—An allegation that the grantee, after the execution of a deed absolute, made advances to one of the grantors and looked to the land conveyed as security for advances so made, is not the equivalent of an averment that such deed was given to secure the debt. •

4. *Same; Pleadings; Proof.*—Proof of facts not alleged in the bill are immaterial, as proof without averment is unavailing to obtain relief in equity. •

5. *Equity; Bill; Omitting Averment; Supplying by Prayer.*—Averments necessary to make out a case cannot be supplied by the prayer of a bill, where such averments are omitted in the bill proper. •

6. *Trusts; Express Trusts in Lands; How Created; Necessity for Instruments in Writing.*—A bill to declare an express trust in

·lands, which avers that the lands were conveyed by deed ab-
lute, but contains no allegation that any instrument in writ-
ing, was executed, signed by the party creating or declaring
the trust, or by his agent or attorney lawfully authorized there-
to in writing, as is required by Section 1041, Code 1896, is
without equity; and the allegation that a letter was written
by one of the grantors to the grantee, subsequent to the execu-
tion of the deed, declaring in effect, that such deed was exe-
cuted for the purpose of securing any advances made by gran-
tee to such grantor, is insufficient to bring the case within the
terms of the statute; especially as it appears that such grantor
had no title or interest in the land, but signed such deed as
the husband of the other grantor, who was the real owner, for
the purpose of joining therein with his wife.

7. *Same; Parol Evidence.*—An express trust in lands cannot be es-
. tablished by parol evidence, but only by written instrument,
as is required by Section 1041, Code 1896.


APPEAL from Colbert Chancery Court.

Heard before Hon. W. H. Simpson.

Bill by Robert J. Funkhouser, et al., to declare a deed
a trust. deed and to terminate the trust. The facts are
sufficiently stated in the opinion of the court. From a
decree retaining the temporary injunction and declining
to dismiss the bill, this appeal is prosecuted.


KIRK, CARMICHAEL & RATHER, for appellant.—Under
the allegations of the amended bill the trust, if it exis-
ted, rested in parol. It must be shown by parol evidence.
For this reason the bill is without equity and the injunc-
tion should have been dissolved.—Sec. 1041, Code 1896;
*Bracken v. Newman,* 27 So. Rep. 3; *Kelley v. Karsner,*
72 Ala. 106; *Patton v. Beecher,* 62 Ala. 579. The right
to establish a resulting trust was barred before the bill
was filed, the deed having been executed in 1883.—*Long
v. King,* 117 Ala. 431; *James v. James,* 55 Ala. 525. The
recital of a number of considerations, as between the
parties is sufficient to prevent a resulting trust and con-
firm the title in the grantee.—*Jackson v. Cleveland,* 89
Ala. 279; *Houston v. Farriss,* 93 Ala. 587; *Bibb v. Hun-
ter,* 79 Ala. 350; *Wiggins v. Winn,* 127 Ala. 621. None

of the allegations in the bill bring this case within the exception named in Sec. 1041, Code 1896.—*Patton v. Beecher*, 62 Ala. 589 and authorities there cited.

R. C. BRICKELL & D. R. WHITE, for appellees.—The motion to dismiss the bill for want of equity was properly overruled.—*Elston v. Comer*, 108 Ala. 76; *Wells v. Morrow*, 38 Ala. 125; *Wiggins v. Winn*, 127 Ala. 621; *Williams v. Reggan*, 111 Ala. 621; *Robinson v. Farrelly*. 16 Ala. 472; *Glass v. Heironymus Bros.*, 125 Ala. 140. The statute of limitation has no application. In all cases of trust the trustee must bring knowledge of his adverse holdings home to the *cesui qui* trust in order for the statutes of limitation to operate.—*Beadle v. Scott*, 102 Ala. 532; *Bonner v. Young*, 68 Ala. 35; *McCarthey v. McCarthey*, 74 Ala. 546; *Holt v. Wilson*, 75 Ala. 58. An express trust need not be shown by the deed or memorandum creating the trust. It is sufficient if the mortgage be shown by writing or memorandum made subsequent to its execution and no particular form or precise words are required.—*Patton v. Beecher*, 62 Ala. 579; *Bibb v. Hunter*, 79 Ala. 351; *McCarthey v. McCarthey, supra; Wiggins v. Winn, supra.*

DOWDELL, J.—The amended bill, on which the case was tried and a final decree rendered, shows that in 1883 Robert M. Funkhouser, Sarah J. Funkhouser, his wife and Tilden S. Funkhouser, as trustee of Sarah J. Funkhouser, executed two deeds, copies of which are made exhibits to the bill, conveying the lands in question to S. Jacoby. These deeds each recite a consideration of $1, "and other valuable consideration," and are on their face absolute conveyances with the usual covenants of warranty and seisin. The bill avers that no consideration in fact was paid, "but that said conveyance was intended only to vest the legal title to said property in said Jacoby as trustee for the benefit of said Sarah J. Funkhouser; that said Robert M. Funkhouser had long been upon terms of the most intimate friendship and confidence with the said Jacoby, and reposed in him the

17

greatest trust and confidence; that subsequently for many years said Robert M. Funkhouser paid the taxes upon said property, and since the death of said Robert M. Funkhouser said Jacoby informed your orators that their father was accustomed to pay the taxes upon said property, and inquired if they would continue to do so, and your orators did furnish said Samuel Jacoby with money with which to pay said taxes; that subsequent to the execution of said deed said Jacoby advanced to said Robert M. Funkhouser various sums of money at different times, and the said Jacoby looked to said property held in trust as security for its payment; that subsequent to the death of said Robert M. Funkhouser, Sarah J. Funkhouser, and Samuel Jacoby, your orators, through L. P. Funkhouser, have often demanded of the defendant Jacoby settlement of the account due said Samuel Jacoby, their deceased testator, but have failed to procure such settlement; that said defendants Jacoby have claimed that there was an agreement between their deceased parents that Samuel Jacoby was to receive for his services in the event of a sale of said land 10 per cent. of the proceeds of such sale as his commissions therefor, but your orators are advised that the death of either of said parties terminated said agreement; that said Samuel Jacoby departed this life at his home in the city of New York, and state of New York, some time in the fall of 1899, as plaintiffs are informed and believe and from such information and belief state the fact to be, and that thereafter the defendants George W. and J. C. F. Jacoby qualified as executors of his last will, and as such have through their agent, the defendant Moody, advertised the said property for sale on the 7th day of April, 1902, being Monday next, and unless restrained by this court will proceed to sell the same, to the irreparable injury of complainants." The complainants are the children and heirs at law of Robert M. Funkhouser and Sarah J. Funkhouser, the former having died February 20, 1898, and the latter in May, 1900; and the respondents, except the respondent Moody, are the executors of the last will of Samuel

Jacoby, deceased. The foregoing are substantially all of the averments of the amended bill. The prayer of the bill is for an injunction prohibiting the respondents from selling the land, and, further: "That upon the final hearing hereof an account be had between your orators and the defendants for the settlement of any amount due their deceased testator by said Robert M. Funkhouser or said Sarah J. Funkhouser, and that the complainants be allowed such time as to the court may seem proper to pay into court the amount found due upon such accounting, or, upon their failure to make such payment within the time allowed, that the property be sold, and the proceeds devoted, first, to the payment of the amount found due upon said accounting, and the balance paid over to your orators, and that said deeds of date May 28, 1883, be by the decree of this court declared to create said Jacoby a trustee for the benefit of your orators, and that said trust be terminated, and for such other and further relief as justice may require and to the court may seem meet and proper."

In none of the facts stated or averments made in the bill is there even a suggestion upon which to base the claim of a trust in the lands arising or resulting by implication of law.—*Patton v. Beecher,* 62 Ala.589. And with this statement we pass from that part of the argument of counsel in brief, feeling that it would serve no good end to discuss a question to our mind, in a sense, foreign to any case made by the bill. Nor are there any facts averred upon which to rest the theory of an equitable mortgage. The bill does not aver in terms, nor does it state any facts from which might be inferred, that there existed any indebtedness from the grantors to the grantee at the date of the execution of the deeds, or any agreement or understanding between the parties as to future advancements, which the deeds were made to secure. There is a statement in the bill that Samuel Jacoby, subsequent to the execution of the deeds, made advances to Robert W. Funkhouser, and that Jacoby looked to the lands for payment. This is not an aver-

ment that the deeds were given to secure a debt, nor the
equivalent of such an averment. The facts stated could
be true, and still no lien on the land arise out of them.
It is not alleged that Robert M. Funkhouser accepted or
received the advances so made with any agreement or
understanding that Jacoby could look to the land as a
security for the same. Moreover, it was shown by the
evidence on the hearing that at the time of the execution
of the deeds the legal title to the lands was in Tilden
S. Funkhouser as the trustee of Sarah J. Funkhouser.
So we say the bill does not allege an agreement for a
lien, nor does it show a debt. "A mortgage is essentially
a security for a debt. When no debt exists, a mortgage
is impossible."—*West and Wife v. Hendrix,* 28 Ala. 226;
*Robinson v. Farrelly,* 16 Ala. 472; Mayfield's Dig.195, §
10. "Every agreement for a lien, or a charge in rem,
constitutes a trust, and is accordingly governed by the
general doctrine of trusts. Such a lien or charge is
called an equitable mortgage, because courts of chan-
cery, regarding them as trusts to be enforced, attach to
them the incidents of a mortgage."—*Bryant v. Stephens,*
58 Ala. 636. The bill in the case before us does not aver
any agreement for a lien or charge on the land.

It is of no importance that it was shown by complain-
ants' evidence on submission for final decree that an
indebtedness from Robert M. Funkhouser to Samuel Ja-
coby, existed at the time of the execution of the deeds,
since the bill contained no allegation to that effect.
Proof without averment is as unavailing to obtain relief
in equity as is averment without proof when there is a
denial of the averment. There is a special prayer in the
bill "that an account be had between orators and defend-
ants for the settlement of any amount due their deceased
testator by said Robert M. Funkhouser, or Sarah J.
Funkhouser, and if the amount due is not paid in a rea-
sonable time the land be sold to pay it;" but a prayer of
the bill cannot take the place of allegation. The bill, as
we understand it, is one to declare an express trust in the
lands conveyed by the deeds of May 28, 1883, and to have
a decree of the court declaring the trust terminated. A

special prayer of the bill is "that said deeds be by the decree of this court declared to create said Jacoby a trustee for the benefit of your orators, and the said trust be terminated." Section 1041 of the Code 1896, which has been in all of the Codes from 1852, reads as follows: "No trust concerning lands, except such as results by implication or construction of law, or which may be transferred or extinguished by operation of law, can be created, unless by instrument in writing, signed by the party creating or declaring the same, or his agent or attorney lawfully authorized thereto in writing." There is no allegation in the present bill of any instrument in writing signed by the party creating or declaring the trust, or of his agent or attorney lawfully authorized thereto in writing. And, indeed, it is nowhere pretended that such was the case. It is insisted that the letter of Robert M. Funkhouser to Samuel Jacoby of June 30, 1888, five years after the execution of the deeds, in effect declaring that the lands were conveyed to him (Jacoby) by said Robt. M. Funkhouser for the purpose of securing any advance made and to be made by Jacoby to said Robert M., is sufficient to bring the case within the provisions of the statute. It is shown by complainants' own proof that Robert M. Funkhouser had no title or interest in, or control over, the lands at the time of the execution of the deeds, in which he doubtless joined as a grantor merely as a husband of Sarah J. Funkhouser, the real owner, for he had already, by deed executed in 1877, conveyed all of his right, title, and interest in the lands to Tilden S. Funkhouser as trustee for said Sarah J. Funkhouser. He no longer had the power of disposal over the property. It is not pretended that he (Robert M. Funkhouser), as the agent or attorney of the party having the power of disposal over the lands, was lawfully authorized in writing to create a trust in the lands, and especially for his own benefit, and therefore we are unable to see how the letter of June 30, 1888, can bring the case within the provisions of the statute Fully recognizing the doctrine laid down in *Wiggs v. Winn*, 127 Ala. 627, 29 South. 96, and all that is there

said, as to what writings, and when made, that may be sufficient to satisfy the provisions of the statute (section 1041, Code 1896) we are still unable from the facts in the case at bar to find any room for the application of the law stated in that case. The case of *Patton v. Beecher, supra,* is an authority directly opposed to any right of relief to the complainants on the evidence under the present bill. According to our view the complainants' case is nothing more nor less than an attempt to establish by parol evidence an express trust in lands, and this cannot be done in the face of the statute. What ever of rights or equities the complainants may have in the lands, on the proof here made they are not available under the present bill.

Other questions than these we have considered are discussed in briefs of counsel, but, being unnecessary to a final determination of this case as presented, we forego entering into a discussion of them. It follows from our view of the case that the chancellor erred in the decree rendered, and the same must be reversed, and a decree will be here rendered dissolving the temporary injunction and dismissing complainants' bill; but without prejudice.

Reversed and rendered.

McCLELLAN, C. J., and HARALSON and DENSON, JJ., concur.