# O'Briant, *et al. v.* O'Briant, *et al.*

### *Bill to Enforce Parol of Trust in Land.*

(Decided April 29, 1909.   49 South. 317.)

1. *Pleading; Petition; Kind of Action; Cancellation of Instrument.*—A bill which alleges that the ancestor of the complainants and respondents executed a deed to his real estate to one of the complainants, and another to one of the respondents, and that the latter deed conveyed certain personal property of the ancestor; that in order to avoid litigation it was agreed by all the heirs, including the grantees in both deeds that the property should be sold and divided equally between all of the heirs, which agreement was put in writing and made an exhibit to the bill; that in order to divide the property, it should be sold for that purpose, and in order to carry out this agreement all the heirs executed a deed to respondents conveying all of the personal property and real estate left by the ancestor, and included in the two deeds; that the grantees in the last deed have wholly failed to perform their contract, and are converting the property to their own use, and praying for a cancellation of the deed, and a specific performance thereof, is a bill to enforce a parol trust in land, and not for a specific performance of a contract; nor could such a bill be sustained as one for the cancellation of a conveyance, since no facts are stated therein upon which a decree for cancellation might be predicated, nor could the bill be amended so as to make it one for cancellation without working an entire change of cause of action.

2. *Trust; Parol Trust; Validity.*—Chancery will not enforce a parol trust in land.

3. *Specific Performance; Proceedings; Dismissal Before Hearing.*—Where the action is for specific performance brought to enforce a parol trust in land, and in personal property, and the bill must be dismissed because a parol trust in lands cannot be enforced, the bill may not be maintained or retained in order to carry out the contract as to the personal property, since complainants have a complete and adequate remedy at law as for breach of the contract as to the personalty.

APPEAL from Pickens Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by M. A. O'Briant and others against M. L. O'Briant and others.   From a decree dismissing the bill, complainants appeal.   Affirmed.

The case as made by the bill is as follows:   All the litigants, both complainants and respondents, are heirs at

law of S. T. O'Briant. That on the 18th day of July, 1893, S. T. O'Briant executed and delivered to M. A. O'Briant a deed, for the reciated consideration of $600, conveying all his real estate, which is described in the bill, and that M. A. O'Briant claimed such said property after the execution of said deed up to the time of the father's death, and that a few days prior to the father's death he executed and delivered to the defendant M. L. O'Briant, and L. A. and R. M. O'Briant, a deed to the same land, and also to said personal property herein set out. That to avoid any litigation over the two deeds it was mutually agreed and understood by all the heirs, including all the grantees in both of said deeds, that the said property should be sold and divided equally between all of said heirs, and the agreement was put in writing and is made an exhibit to the bill. It is averred that M. A. and S. T. O'Briant were claiming title to the property, and there was threatened litigation in reference to the same, contesting the validity of the deed made by the father to the grantees in the two deeds; and it was mutually agreed that, for the purpose of avoiding and settling all differences and claims, the property conveyed by the deed should be divided equally, and that it should be sold for that purpose, and that each should take his distributive share in the same, and that for the purpose of carrying out this agreement, and to save costs, all the heirs executed a deed to M. L., L. A., and R. M. O'Briant, conveying all the personal property and real property left by their father, and included in the two above-mentioned deeds. It is alleged that all the property belongs to S. T. O'Briant, the father, that he is dead, and that the agreement and the last-named deed were made for the purpose of avoiding litigation and for the purpose of effecting a division. It is then alleged that the prop-

[O'Briant, et al. v. O'Briant, et al.]

erty cannot be equitably divided without a sale thereof, and that it should be sold and divided among the heirs according to the terms and intentions of the parties, and that M. L. O'Briant undertook the trusteeship for that purpose, but that the heirs mentioned in the deed made by all the heirs have wholly failed to do this, and are converting the personal property to their own use, as well as the real estate, and it will take a decree of this court to specifically perform the contract, which is followed by a prayer for cancellation and specific performance.

WALTER NESMITH, and J. S. STONE, for appellant.— If equity is apparent on the face of the bill from the facts stated, the bill will be considered amended on a motion to dismiss for want of equity, leaving respondent to his remedy by demurrer.—West v. L. & N., 137 Ala. 68; Blackbruh v. Fitzgerald, 130 Ala. 584; Gardner v. Knight, 124 Ala. 273; Seals v. Robinson, 75 Ala. 368. The instrument set out in the bill is sufficient to prevent the trust being void under the statute of frauds.— Manning v. Pippin, 86 Ala. 357; Brock v. Brock, 90 Ala. 86. In any event, complainants are entitled to a cancellation of the deed.—Brock v. Brock, supra; Manning v. Pippin, supra; 93 Ala. 549; 99 Ala. 558; 128 Ala. 608.

CURRY & ROBISON, for appellee.—The purpose and sole purpose of the bill of complaint filed in this cause is to enforce a parol trust in lands. That this can not be done is well settled in this state.—Jacoby v. Funkhouser, 147 Ala. 254; Patton v. Beecher, 62 Ala. 580; Oden v. Lockwood, 136 Ala. 514. The case made by the bill is essentially one for the enforcement of a contemporaneous parol agreement or understanding to the destruc-

tion of the duly executed deed of complainants; and no more in equity than at law can any relief be predicated upon such a state of facts.—*Stacey v. Walker,* 125 Ala. 291; *Ware v. Cowles,* 24 Ala. 446; 2 Pom. Eq. Jur. § 854 and note. If appellants are estopped by their deed from claiming an interest in the lands in controversy and can not set up and have enforced a parol trust in the lands, the personality having been converted by appellees and they insolvent as is alleged, then what relief can a court of equity give them. The court will not decree a vain and useless thing.—*Gardner v. Knight,* 124 Ala. 273. The bill seeks to enforce the specific performance of an obligation for only undefined personal acts of the obligor which a court of chancery will not specifically enforce.—*Gardner v. Knight, supra.*

DENSON, J.—Appellants contend that this is a bill for the specific performance of a contract for the division of the property belonging to the estate of their and the appellees' deceased father. The chancellor dismissed the bill for the want of equity, stating in his opinion that the bill would bear no other construction than that it is one to enforce a parol trust in lands. If this construction is correct, of course, the decree of dismissal is well fortified by our decisions, and should be affirmed.—*Jacoby v. Funkhouser,* 147 Ala. 254, 40 South. 291; *Smith v. Smith,* 153 Ala. 504, 45 South. 168, and cases there cited.

We confess to having striven to find a phase of the case differing from the chancellor's view of it, and that would warrant the intervention of a court of equity in behalf of the complainants, but without success, and we are at the conclusion that the chancellor's is the correct view to be taken of the facts set out in the bill. The

bill cannot be sustained as one for the cancellation of a conveyance, for the reason that no facts are stated upon which a decree of that sort might be predicated. Nor do we see that the bill can be amended, so as to give it equity as one for cancellation, without working an entire change of the cause of action. There is no hint, as the bill now stands, of any facts upon which to base a case of cancellation of the deeds.

But it is said that the chancellor should have retained the bill for the purpose of requiring the defendant to specifically carry out the contract in respect to the personal property. Even if the bill is susceptible of this interpretation, yet that the complainants have a complete and adequate remedy at law in this view of the case is certain, and a complete answer to the suggestion. —*Lewman v. Ogden,* 143 Ala. 351, 42 South. 102.

The decree of the court dismissing the bill must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.