# Tillman, et al. v. Kifer, et al.

### Bill to Enforce Trust.

(Decided April 14, 1910.   52 South. 309.)

*Trusts; Parol Trusts; Validity.*—Where a grantor upon the eve of a failure deeded property to his sister for an alleged valuable consideration, and there was no trust alleged in the deed, and no fact alleged from which a trust would result by operation of law, and no averment of undue influence or fraud, a bill by the grantor's children to have the property conveyed to them claiming that it was conveyed in trust for them, was an effort to enforce a trust under an unenforceable parol agreement as provided in section 3412, Code 1907.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Bill by Ruby E. Tillman and others against Lucy E. Kifer, and others to enforce a trust in land. Decree for respondents and complainants appeal. Affirmed.

PINKNEY SCOTT, for appellant. This trust does not fall within the statute of frauds. A trust arises when property has been conveyed to one person and accepted by him for the benefit of another.—*McCarty v. McCarty,* 74 Ala. 552; *Krasswell v. Jones,* 68 Ala. 420. The relations between the parties bring this case within the

influence of *Kyle v. Perdue,* 95 Ala. 576; *Noble v. Moses,* 81 Ala. 530. Mrs. Kifer could not claim any of the benefits of the fraudulent transaction.—*Henderson v. Segars,* 28 Ala. 532. The statute of limitation has no application.— *McCarty v. McCarty, supra; Hasty, et al. v. Aiken,* 67 Ala. 313; *Holt v. Wilson,* 75 Ala. 58; *Whetstone v. Whetstone,* 75 Ala. 495.

T. T. HUEY, for appellee. The bill seeks to enforce a parol trust to land, which cannot be done.—Section 3412, Code 1907; *Oden v. Lockwood,* 136 Ala. 514; *Moore v. Campbell,* 102 Ala. 453; *Brock v. Brock,* 8 South. 11; *Patton v. Beecher,* 62 Ala. 579. No conveyance or trust designed to defraud creditors will be enforced.—Authorities supra. When the trust relationship is repudiated or time and long acquiescence have obscured the nature of the trust, a court of equity will not interfere.—*Nettles v. Nettles,* 67 Ala. 599; *Bracken v. Newman,* 26 South. 3.

SAYRE, J.—In 1891 Robert J. Tillman, being on the eve of a failure in business and a general assignment for the benefit of his creditors, made a deed to his sister, Mrs. Lucy E. Kifer, of certain lots in Tillman's addition to the city of Bessemer on a recited consideration of $600. Now this bill is filed by the children of Robert J., averring that the lots were conveyed on the trust and confidence that the grantee would hold them for complainants, and would at a later time execute a deed to the alleged beneficial owners. There is no semblance of trust shown on the face of the deed. No facts are alleged, as that the consideration, or any part of it, moved from the complainants, with an understanding that the beneficial ownership was to be in them, from which a trust would result by operation of law, without

[Tillman, et al. v. Kifer, et al.]

express words of creation. Nor is there averment of undue influence arising out of confidential relation, or other circumstances of fraud between the parties, to constitute the grantee a trustee ex maleficio, as was the case in *Kyle v. Perdue*, 95 Ala. 579, 10 South. 103, and *Noble v. Moses*, 81 Ala. 530, 1 South. 217, 60 Am. Rep. 175, cited by appellants. The bill shows nothing more than an effort to enforce a trust according to the alleged agreement of the parties to the deed; that agreement having been expressed by parol, and not otherwise. The defendants have denied the agreement, have averred that the transaction was of a character entirely different from that set up in the bill, and it may be said that the weight of the evidence is with them.

But, apart from defendants' version, the case made by the bill, and sustained by complainants' theory of the proof, must fall under the condemnation of the statute which provides that no trust concerning lands, except such as results by implication or construction of law, or which may be transferred or extinguished by operation of law, can be created, unless by instrument in writing, signed by the party creating or declaring the same.—Code, § 3412. All questions in this case were settled in *Patton v. Beecher*, 62 Ala. 579, to which nothing can be added. *McCarty v. McCarty*, 74 Ala. 552, and *Cresswell v. Jones*, 68 Ala. 420, cited by appellants, were cases in which the trusts involved were expressed in writing.

The decree of the court below must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.