(136 So. 785)

**PHILLIPS et al. v. PHILLIPS et al.**

**7 Div. 49.**

Supreme Court of Alabama.

June 18, 1931.

Rehearing Denied Oct. 22, 1931.

Rutherford Lapsley, of Anniston, Geo. W. McRae, of Mobile, and Hartgraves, Swaim & Swaim, of Eden, Tex., for appellants.

S. W. Tate, of Anniston, for appellees.

THOMAS, J.

The bill sought to have declared a trust in favor of the complainants against the defendants as "the repository of title to the lands," formerly held by the parties as joint owners and sold by order of the court for division.

Demurrer was sustained to the bill as amended; hence the appeal.

In the recent decision of Woods v. Wright (Ala. Sup.) 134 So. 865,[1] is the recognized principle that nothing can call into activity the powers of a court of equity except conscience, good faith, and a reasonable diligence, and where these are wanting the court is pas-

[1] Ante, p. 173.

sive. Gordon's Adm'r v. Ross & Wife, 63 Ala. 363.

And laches that appears on the face of a bill challenges the relief sought and bars it, and may be presented by demurrer. Walshe v. Dwight Mfg. Co., 178 Ala. 310, 59 So. 630; Lovelace v. Hutchinson, 106 Ala. 417, 424, 17 So. 623. The delay for thirteen years and the death of one of the parties to the fraud, in the absence of excusing facts, barred relief in Woods v. Wright, supra; a delay of three years in Howle v. North Birmingham Land Co., 95 Ala. 389, 11 So. 15, in suit for rescission was denied for such delay; sixteen years after the alleged verbal promise to make a will, etc., held a bar to any right of relief in Manning v. Pippen, 95 Ala. 537, 11 So. 56; in Sanders v. Askew, 79 Ala. 435, the mortgagee having become the purchaser at foreclosure, a bill to set aside the sale, and for a redemption and account, filed nine years and ten months thereafter, held to come too late; in Gilmer v. Morris, 80 Ala. 78, 60 Am. Rep. 85, it was sought to hold the pledgee accountable for a pledge thirteen years after the fact, held too late; in the case of Rives v. Morris, 108 Ala. 527, 18 So. 743, the rule was declared that, where the delay was such that any conclusion of the court would be conjectural, on account of the lapse of time, loss of evidence, death of parties, and such delay as to render it difficult to arrive at a just judgment, laches would preclude relief. That is to say, each case will stand or fall upon its peculiar facts, and laches will preclude relief where the original transaction as the result of delay has become obscure by the lapse of time, loss of evidence, material change in statu quo, and equity will not intervene. Salvo v. Coursey, 220 Ala. 300, 124 So. 874.

The grounds of demurrer, Nos. 7 and 8, challenge the bill for laches presented, and the action of the trial court may well be rested thereon. The bill was filed on the 5th of March, 1931. The original bill for the sale of the land was alleged to have been filed October 10, 1911, and purchase by the respondents December 30, 1912, reported and confirmed on the 20th day of January, 1913, and decree of date of March 24, 1913, and no sufficient excuse for delay is shown by this pleading.

It may be said further that the bill as amended sought to establish a parol trust in the lands contrary to our statute, section 6917; O'Briant v. O'Briant, 160 Ala. 457, 49 So. 317. This effort is that of a collateral attack upon the decree of sale for division. Here, within the rule that obtains, no fraud is charged in the procurement of the decree of sale. Davis v. Davis, 211 Ala. 317, 100 So. 345; Graves v. Brittingham, 209 Ala. 147, 95 So. 542; Sims v. Riggins, 201 Ala. 99, 77 So. 393; De Soto Coal Min. & Dev. Co. v. Hill, 194 Ala. 537, 69 So. 948; 6 Pom. Eq.

Juris, 1092; 2 Pom. Eq. Rem. § 649. There is no averment that the lands were purchased with any part of the complainants' moneys, and no facts averred showing a resulting trust. Allen, Adm'r, v. Caylor, 120 Ala. 251, 24 So. 512, 74 Am. St. Rep. 31.

In Oden v. Lockwood, 136 Ala. 514, 517, 33 So. 895, 896, it is said: "There is no pretense that the lands were purchased with complainant's money, and no facts are stated that would constitute a resulting trust. On the contrary, the bill avers a promise on the part of the respondent to purchase the lands and to have the title made to the complainant. Nothing more can be made out of it than an attempt to establish a parol trust in lands. This, of course, cannot be done. Code 1886, § 1041; Patton v. Beecher, 62 Ala. 579; Manning v. Pippen, 95 Ala. 537, 11 So. 56; Brackin v. Newman, 121 Ala. 311, 26 So. 3."

So, in Butts v. Cooper, 152 Ala. 383, 384, 385, 44 So. 616, 618, it is said: "It is clear that the partnership was not formed when the agreement was made, for it could not exist until the interest was purchased. So it was simply a verbal agreement to purchase an interest in a partnership involving title to lands, and such agreement is violative of the statute of frauds."

In McCarthy v. McCarthy, 74 Ala. 546, 552, in defining two kinds of trusts, it is declared that: "An express trust, as distinguished from one that is merely implied by law, is a trust created by the direct and positive act of a party, manifested by some instrument in writing, whether by deed, will, or otherwise.—2 Story Eq. Jur. § 980. Every trust is clearly of this class, where the legal title of property is conveyed to a trustee, to be held by him for the benefit of another, no particular words or formality being required for its creation.—1 Perry on Trusts, § 82; Law of Trusts (Tiff. & Bul.) 11; 2 Story's Eq. Jur. § 980; Cresswell v. Jones, 68 Ala. 420."

Also in Rudulph v. Burgin, 219 Ala. 461, 464, 122 So. 432, 434, it is said: "The trust arises by operation of law, and may be proved by parol, without offending the statute of frauds, which extends to and embraces only trusts created or declared by the parties, or the rule that a written instrument may not be contradicted, varied, or altered by parol. Lee v. Browder, 51 Ala. 288. The distinction between such cases as Patton v. Beecher, 62 Ala. 579, and Brock v. Brock, 90 Ala. 86, 8 So. 11, 9 L. R. A. 287, where it was held that the mere parol promise by the grantee in a deed, absolute on its face, to hold for the use of the grantor, will not take the conveyance out of the statute." See, also, Kent v. Dean, 128 Ala. 600, 30 So. 543.

The bill shows nothing more than an effort to enforce a trust according to an alleged parol contract or agreement of the parties (Willard v. Sturkie, 213 Ala. 609, 105 So. 800; De Freese v. Vanderford, 220 Ala. 360, 125 So. 228), and no undue influence, dominance, or circumstances of fraud are averred to constitute the grantee at judicial sale a trustee for his former joint owners, or that of trustee ex maleficio (Tillman v. Kifer, 166 Ala. 403, 52 So. 309; Moore, Adm'r, v. Campbell, Ex'r, 102 Ala. 445, 14 So. 780).

The bill as amended shows no trust resulting (1) by implication, or (2) by construction of law (McCarthy v. McCarthy; Butts v. Cooper, supra), but is an effort to enforce a (3) mere parol agreement contrary to statute.

The complainants after the period, or about sixteen years from the judicial sale in question, will not now be permitted on the facts averred in the bill as amended to recover. Defects in the two aspects discussed above were duly challenged by demurrers to the bill as amended, and considered as one pleading (Brackin v. Newman, 121 Ala. 311, 26 So. 3; Leddon v. Strickland, 218 Ala. 436, 438, 118 So. 651); and the demurrers thereto were properly sustained.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

On Rehearing.

THOMAS, J.

The court rests the decision on the last point—that of parol trust in violation of the statute of frauds—and plaintiffs are given twenty days to amend the bill if so advised.

ANDERSON, C. J., and GARDNER, BOULDIN, BROWN, and FOSTER, JJ., concur.

SAYRE, J., not sitting.