139 So. 246

## KELLY et al. v. TATUM et al.

### 3 Div. 986.

Supreme Court of Alabama.

Jan. 14, 1932.

Rushton, Crenshaw & Rushton, of Montgomery, for appellants.

Steiner, Crum & Weil, Hill, Hill, Whiting, Thomas & Rives, and Thos. B. Hill, Jr., and Wm. Inge Hill, all of Montgomery, for appellees.

ANDERSON, C. J.

This case was here on former appeal, and is reported Kelly v. Tatum, 222 Ala. 655, 133 So. 703. The appellants' counsel, in so far as the contention of the appellant Mrs. Kelly goes, frankly concede that it is in the nature of an application for a reconsideration of the former holding. We are disinclined to recede from the former holding, and adhere to same. The recent case of Phillips v. Phillips (Ala. Sup.) 136 So. 785,[1] is, in no sense, in conflict with our former opinion. In the Phillips Case, supra, there was merely a parol agreement to hold land in trust, not as security for a loan of money. But in this case the transaction was a loan of money, and the mortgage was to be taken up and held as security for such loan. Therefore the title acquired on the foreclosure of the mortgage, and from the bankrupt court, was under the agreement a security for the loan. An absolute title can be shown by parol to be the security for a debt. This rule is not the same as that which avoids a parol trust in land in violation of the statute of frauds, when there is no debt secured by it, and which was the Phillips Case.

The appellant J. W. Kelly contends that he should have been credited with the sums he claimed to have paid over to his wife arising out of the income collected by him upon the shares or interest of the complainants William and Augustus Tatum; this upon the idea that the report of the register disallowing the claim was not in conformity with the

[1] 223 Ala. 475.

original decree which was affirmed by this court. While the original decree directed that Fannie Jeanette Kelly be required to account for all sums received by her of the income on the interest in the estate of William and Augustus Tatum, less the credits therein set out, it also directed that Kelly, as receiver, make a settlement of the estate, and that he be made to account for all sums that he has received and credited with all proper and legal expenditures. If Kelly paid this claim, or income, over to his wife, knowing that she was not entitled to it, he would be answerable for same upon a final settlement, and the original decree was broad enough to cover this or any other improper disbursement of the fund. Kelly is, of course, not protected upon the idea that he paid this over to his wife upon the strength of the title she claimed as to the interest of William and Augustus Tatum, as the decree found that he was not only familiar with the infirmity of her title, but was a party to and engineered the scheme or plan by which she acquired same. True, the decree ordered Mrs. Kelly to restore the fund, but that did not relieve Kelly from being answerable for a misappropriation officially or individually. Moreover, the decree protects Kelly to the extent of what would be coming to Mrs. Kelly from her father's estate; that is, permits him to charge her with the fund so paid her and for which he is accountable to William and Augustus Tatum. The authorities cited by appellants' counsel deal with unwarranted and inconsistent changes of decrees previously affirmed. Here the decree as affirmed by this court was broad enough to authorize Kelly to be surcharged with the sums he improperly paid out.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

