140 So. 434
### PHILLIPS et al. v. PHILLIPS et al.
### 7 Div. 104.

Supreme Court of Alabama.

March 10, 1932.

See, also, 223 Ala. 475, 136 So. 785.

Rutherford Lapsey, of Anniston, Geo. W. McRae, of Mobile, and Hartgraves, Swaim & Swaim, of Eden, Tex., for appellants.

S. W. Tate, of Anniston, for appellees.

GARDNER, J.

The original bill was considered on former appeal and is reported Phillips v. Phillips, 223 Ala. 475, 136 So. 785. As presently framed after the amendment, the bill still discloses that its foundation rests upon a parol agreement as to the real estate in contravention of the statute of frauds. Section 6917, Code 1923; Phillips v. Phillips, supra; Willard v. Sturkie, 213 Ala. 609, 105 So. 800; Tillman v. Kifer et al., 166 Ala. 403, 52 So. 309; De Freese v. Vanderford, 220 Ala. 360, 125 So. 228; Rudulph v. Burgin, 219 Ala. 461, 122 So. 432.

Appellants lay much stress upon Caldwell v. Caldwell, 173 Ala. 216, 55 So. 515, but the decision in that case rested, not upon a parol agreement, but upon the recognized principle of law that a redemption from a mortgage by one tenant in common inures to the benefit of all, which in turn rests upon a legal duty arising out of the relationship. No such legal duty is here involved. At the sale for division the tenant in common had a right to become the purchaser and acquire title to the entire tract. Caldwell v. Caldwell, supra. He purchased with his own funds and in his own name without any legal restraint thereon, and reduced, therefore, to the last analysis, a trust is sought to be established solely on the parol agreement, which is not permissible under our statutes and decisions. The case of Belcher v. Sanders, 34 Ala. 9, also cited by appellants, did not concern real estate as is pointed out in the opinion on rehearing.

We are persuaded the decision on former appeal, not materially different from that now presented, is correct and we adhere thereto.

In view of the argument of counsel for appellants, it may not be amiss to say, though unnecessary, that on former appeal the question of laches was merely left undetermined; this for the reason that the decision upon the other question was fatal to the equity of the bill. So, likewise here, we do not reach a consideration of that question, and it is left to one side.

The chancellor correctly ruled in sustaining the demurrer to the bill as amended for the reasons herein indicated, and his decree is accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.